No. 31,945

THE STATE OF KANSAS, *Appellee*, v. J. E. MacLEAN, *Appellant*.

(46 P. 2d 879)

Opinion filed July 6, 1935.

*Hal C. Davis* and *John W. Shideler, Jr.*, both of Topeka, for the appellant.

*Clarence V. Beck*, attorney general, *Lester M. Goodell*, county attorney, and *Robert Mason*, of McPherson, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is by the defendant from a conviction and sentence upon four counts for the violation of the provisions of article 12 of chapter 17 of the 1933 Supplement, being chapter 140 of the Laws of 1929, in the unlawful sale of securities which had not been registered as required by that act.

The appellant, although having made numerous objections and motions during the progress of the trial and a motion for new trial after conviction containing the statutory grounds, has assigned eight specific errors, but has consolidated them into three questions involved, as follows:

"1. Is the promissory note given in this case an exempt security under section 17-1224, subsection 6, R. S. 1931 Supp.?

"2. Is the evidence sufficient under the various counts of the information to warrant conviction?

"3. Other questions involved relating to rulings and objections to offering evidence on motion to discharge, requested instructions, instructions given, and motions, including motion for a new trial."

The information charged the plaintiff in four separate counts, all

alike except as to date, names of parties with whom defendant dealt and amounts, in the following language:

". . . That J. E. MacLean . . . at the county of Shawnee, in the state of Kansas, aforesaid, and within the jurisdiction of this court, on the —— day of September, A.D. 1932, did unlawfully, feloniously and willfully sell and barter certain securities, to wit, one certain contract or certificate for six shares of interest in and to a holding company to be formed, which said contract or certificate of interest was then and there in words and figures as follows, to wit:

" 'H. Crossland Pfaff, Chicago

" 'Chicago, Ill., September 1, 1932.

" 'Received of Byron Spears two hundred fifty (250) dollars for and in consideration of my note of even date for period of six months. I hereby agree to deliver to Byron Spears, six (6) shares of interest in and to a holding company to be formed to take over the ownership and control of the Pfaff steam unit, consisting of motor, boiler and burner for automobiles, airplanes, trucks, buses, speed boats, yachts, etc. The shares of interest in Pfaff holding corporation is only as bonus for·use of said sum money.

" 'Signed: J. E. MacLean.

" 'Witness: Virginia Knight.'

"without the said J. E. MacLean or . . . any other person, firm, association, corporation or broker having first registered said securities with the state banking department of the state of Kansas and having received a permit for the sale of said contract or certificate of shares of interest from the state bank commissioner ‹under order of the state charter board of the state of Kansas and said security then and there at the time not being registered under the Kansas securities law and this he, the said J. E. MacLean, . . . did, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the state of Kansas.".

The record shows that at the same time the defendant gave to each of these four different parties, with whom he is alleged to have dealt, his individual note for the amount mentioned in the document copied in the information above, the first part of which note was as follows:

"$250

"On or before six months after date, for value received, I promise to pay to the order of Byron Spears two hundred fifty and 00/100 at 7% per annum, after date. . ."

A similar note was given to the alleged purchaser in each of the counts.

The theory and contention of the appellant in this case is that the defendant borrowed this money from these various parties for the perfecting and completing of this steam unit and that said transaction of borrowing money is not within the speculative securities act, that the defendant gave his own personal promissory note in return for the loan of the money borrowed and by the terms

of the agreement gave the shares of interest in and to the holding company to be formed as a bonus.

Appellant calls particular attention to the language of R. S. 1933 Supp. 17-1226, the first part of which is as follows:

"No securities, not exempt by section 2 hereof, shall be sold within the state of Kansas except in a manner exempted by section 3 hereof, unless or until such securities have been registered as herein provided."

Appellant argues that not every sale of securities is prohibited under this section, but that only the sale of securities not exempt by section 2 of the act, sold in a manner not exempted by section 3, is made an offense under the statute, and then argues that his six-month note was the security sold and delivered in this case and the shares of interest in the steam unit were as a bonus, that he did not sell the shares of interest, but delivered them with his promissory note simply as a bonus for the loan of the money, and then directs attention to the definition of a sale which includes a reference to bonus in section 1 of the act, being R. S. 1933 Supp. 17-1223, subdivision (2), and also to subdivision (6) in section 2 of the act, being R. S. 1933 Supp. 17-1224, which provides that—

"(6) Commercial paper or negotiable promissory notes maturing within six months from the date of issue."

The part of said subdivision (2) of section 1 above referred to is emphasized by appellant to confirm his theory as to a bonus in this case. It is as follows:

"Any security given or delivered as a bonus with any sale of securities, as such sale is herein defined, or with any other thing, shall be conclusively presumed to constitute a part of the subject of such sale and to have been sold for value."

This court has considered this matter, aside from the question of the note being for only six months, and held as follows in the case of *State v. Dobson*, 140 Kan. 445, 37 P. 2d 10:

"In a prosecution for violation of the speculative securities act by sale of unregistered securities by an unregistered agent, it appeared the agent procured a person to advance to a corporation the sum of $100, for which he was to receive and did receive the company's promissory note for $100, and as a bonus, one hundred shares of the company's capital stock. *Held,* there was a sale of the shares of stock, within the meaning of R. S. 1931 Supp. 17-1223 (2)." (Syl. ¶ 1.)

The fact that the salesman put it in the contract or told the purchaser that the shares or interest in the company were only a bonus

or that he was not selling the stock, did not make the transaction any the less a sale of such shares of stock or shares of interest. Regardless of the bonus feature, both the note and the shares of stock are ordinarily such securities as are forbidden by the statute to be sold unless duly and regularly registered. In the opinion in the Dobson case, *supra*, it was said:

"It is plain the note was a security disposed of to Keith for value, precisely as if it had been a bond. The shares of stock were also securities which were in fact included in the transaction of disposition for value to Keith of the other security. While it was definitely understood that if Keith advanced $100 to the company he would get both the note and the shares of stock, he was told, in the course of the negotiations, the company was not selling stock." (p. 446.)

The definitions in said subdivision (2), from which the bonus feature was quoted above, plainly and definitely include shares of interest in and to a holding company to be formed, as alleged in the information in the case at bar, when such definition includes, as it does, "an attempt to sell in any manner whatsoever, an option of sale, a subscription, a preorganization subscription or certificate." So ordinarily both the note and the shares, even if given as a bonus, are within the provisions of the statute as being prohibited to be sold unless registered.

In the case at bar we may therefore eliminate the note altogether and the length of time for which it was given, and consider the question of the offense committed, if any, by the sale of the shares of interest in and to a holding company to be formed, and regardless of whether or not they were given as a bonus, we conclude they come within the provisions of the statute making it a public offense to sell them without their being registered with the state banking department of Kansas and a permit being issued for their sale.

It is urged that the information is defective in that it does not allege that the shares of interest involved were not exempted by section 2 of the act, but section 24 of the act, or R. S. 1933 Supp. 17-1246, directs that such shall not be necessary, but places the burden of proving such exemptions upon the defendant.

The appellant complains that the state introduced pictures of the place of business in Chicago of the Crossland steam unit and testimony as to the operation and value of the unit and a comparison of its prospects and quantity of business with that of the Henry Ford plant, which is claimed to have been incompetent, irrelevant and immaterial, and highly prejudicial to the defendant. And although it

is said much of such evidence was introduced without a formal objection thereto, yet the prejudice to the rights of the defendant was so great on account of it that even without objection at the time and at this late date, the defendant should be granted a new trial. Appellant cites cases in this and other courts where such has been sanctioned. Strictly speaking, such evidence may not have been necessary to prove the state's case, which was simply that the defendant sold unregistered securities. But it is difficult to entirely separate boosting or sales talk from a transaction of this kind. Even the defining statute, above cited, includes "a solicitation of a subscription or sale." We do not feel that the situation is such as to justify this court on review to rule as urged by the defendant.

The error assigned as to the refusal of the trial court to give the instruction requested as to the note being exempt was not error, as the violation of the statute is in this case based upon the sale of shares of interest and not on the note as a security.

We find no error in the overruling of the motion for a new trial, and we find there was sufficient evidence to warrant a conviction on each of the four counts of the information.

The judgment is affirmed.