No. 33,399

Annie L. Hoffman, *Appellee*, v. Home Royalty Association, Inc., *Appellant*.

(69 P. 2d 741)

 Opinion filed
July 10, 1937. 

*H. W. Stubbs,* of Ulysses, *E. O. Monnet* and *Royce H. Savage,* both of Tulsa, Okla., for the appellant.

*W. P. Wesley,* of Ulysses, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This was an action to cancel a deed conveying an undivided one-half interest in and to all of the oil, gas and other minerals in and under certain lands to the Home Royalty Association, common-law trust, and to cancel a deed from such grantee to the Home Royalty Association, Incorporated, and to quiet the title of the plaintiff to such lands. The plaintiff recovered judgment in the trial court, and defendant appeals.

In plaintiff's petition it was alleged she was the owner in fee simple of certain land in Grant county, Kansas; that on April 17, 1929, she executed and delivered a deed to the Home Royalty Association to an undivided one-half interest in and to the oil, gas and other minerals in and under this land; that the deed was duly filed for record on May 17, 1929. It was alleged that thereafter the Home Royalty Association, by its deed dated November 29, 1929, conveyed to the Home Royalty Association, Incorporated, the same interest in the land, and that this deed was duly filed for record on January 31, 1930. Plaintiff further alleged:

"That the deed or conveyance first above described was obtained from her without consideration, other than a promise that she should receive, in consideration of said conveyance, a certificate purporting to convey to the plaintiff a specified share or interest in and to the oil, gas and other minerals owned and held by the defendant, Home Royalty Association of Oklahoma, a trust estate, which said share or interest was less than one twenty-fourth (1-24th) of the whole oil and gas royalty held by said defendant and to be described in said certificate, the same being a speculative security, but that said certificate was never delivered to nor received by the plaintiff.

"That the aforesaid transaction was made at the home of the plaintiff in Grant county, Kansas, between the plaintiff and an agent of each and all of the defendants named in the caption hereof, whose name the plaintiff is now unable to state. That said agent and representative fraudulently represented to the plaintiff that the grantee of her conveyance had paid large dividends to the holders of its certificates and that she would receive

large annual dividends in the future, which said false and fraudulent representations were relied upon by the plaintiff and which were wholly false and untrue and made for the purpose of inducing this plaintiff to execute and deliver her said mineral conveyance.

"The plaintiff further states that at the time she made the conveyance aforesaid, to wit: April 17, 1929, none of the defendants herein named, and none of their agents, representatives or employees, had complied with the laws of the state of Kansas pertaining to the sale, trade, distribution or conveyance of speculative securities, commonly known as the blue-sky law, and that they, nor any of them, were qualified, authorized or permitted to sell or offer for sale, trade or distribution, shares, units or interest. of the defendant, Home Royalty Association of Oklahoma, a trust estate. That the shares, units and interest which were agreed to be delivered to the plaintiff were and are wholly worthless and of no value.

"Plaintiff further alleges that the individual defendants herein named were at all times herein mentioned and now are the principal promoters, organizers, trustees, officers and stockholders of the defendants, Home Royalty Association of Oklahoma, a trust estate, and Home Royalty Association, a corporation; that each of said individual defendants, at all times herein mentioned, well knew each and all of the facts herein set forth, and that they have performed the acts and made the representations and promises herein set forth as the agents of each other and of the defendant trust estate and the defendant corporation.

"Plaintiff further alleges that said transaction was in violation of law and wholly illegal and void; that the mineral conveyances herein above described should be by the court set aside, canceled and annulled; that the defendants herein, and each of them, should be required to set forth in this action any right, title or interest, or claim of right, title or interest, if any, they may have in or to said real property; and that the right, title and interest of the plaintiff in and to all of said real property should be quieted as against the rights and claims of said defendants."

The case was tried by the court upon the pleadings and upon the following agreed statement of facts:

"It is stipulated and agreed by and between the plaintiff and the defendants that the following is a statement of the facts on which this case is to be submitted to the court, to wit:

"1. That plaintiff, Annie L. Hoffman, is a resident and citizen of Grant county, Kansas, and at all times mentioned in the transactions involved herein was and is the owner and in the possession of the land described in the petition.

"2. The Home Royalty Association of Oklahoma, at the time of the transaction involved in this case, was a common-law trust, organized under the laws of Oklahoma, under the provisions of a declaration of trust . . . and that its principal office and place of business has at all times been in Tulsa, Okla.

"3. The Home Royalty Association, Incorporated, is a corporation organized under the laws of the state of Delaware, on November 25, 1929, with its

principal place of business at Tulsa, Okla.; . . . said corporation filed its charter and became licensed to do business in the state of Kansas on July 10, 1930, which license and authority was revoked and forfeited by the charter board of the state of Kansas on December 31, 1932; and at the date of filing this suit said corporation was not licensed to do business within the state of Kansas. Said license was reinstated, however, on June 18, 1935, and is now in full force and effect.

"4. The Home Royalty Association of Oklahoma nor any of its agents or representatives never at any time complied with the speculative securities law of Kansas and did not at any time have any permit or license to sell or dispose of its securities in Kansas.

"That the Home Royalty Association, Incorporated, has never made any application to the authorities of Kansas under the speculative securities law for permission, and has never procured any permission or license to sell or dispose of its securities in the state of Kansas.

"5. On April 17, 1929, the plaintiff, Annie L. Hoffman, was called upon by an agent of the Home Royalty Association of Oklahoma, a trust estate, accompanied by Israel Moore, a resident of Grant county, Kansas, at the home of said Annie L. Hoffman in Grant county, Kansas; and that on said date and at the home of plaintiff as aforesaid, said plaintiff, at the solicitation of said agent of the Home Royalty Association of Oklahoma, signed a contract in duplicate. . . . At the same time and place said plaintiff executed to the Home Royalty Association of Oklahoma a mineral conveyance. . . .

"6. The two copies of the contract and mineral conveyance referred to in the preceding paragraph were taken by the agent of the Home Royalty Association of Oklahoma and by him mailed from Ulysses, Kan., to the Home Royalty Association of Oklahoma at Tulsa, Okla.; that within the seven days after receiving the contract and deed just mentioned, the Home Royalty Association of Oklahoma, by questionnaire, procured a report on the title to the lands covered by the mineral conveyance and thereupon, at Tulsa, Okla., signed the contracts and returned one copy by mail to the plaintiff at Ulysses, Kan., together with the stock certificate mentioned in the contract. . . .

"7. Plaintiff has tendered to defendants and deposited with the clerk of this court for the use and benefit of said defendants, the original stock certificate mentioned in paragraph 6 herein."

None of the exhibits mentioned in the agreed statement of facts except the contract marked "Exhibit 3" were attached.

The defendant in its answer pleaded the statute of limitations as a defense. The case was tried by the court, and a decree was entered canceling the above-mentioned deed and quieting the title of plaintiff to the land in question. Was the plaintiff's cause of action barred by the statute of limitations?

While this is spoken of as an action to quiet title, as presented to the court below, it contains elements of rescission. From the stipula-

tion of facts we learn that the stock certificate mentioned in the contract between the parties was delivered to plaintiff by the grantee of the mineral conveyance with reasonable promptness, and the same was attached to the stipulation and deposited with the clerk of the court and tendered to defendant. In her petition plaintiff predicated her action upon two grounds: First, fraud, which, it was alleged, induced the execution of the mineral conveyance. The stipulation of facts is silent with respect to the alleged fraud. There was no parol testimony. Hence, relief must be denied plaintiff on this ground for the lack of evidence to sustain the allegation. Plaintiff's second cause of action was that the grantee in the mineral deeds had never complied with our speculative securities act and had no authority to execute and deliver the stock certificate mentioned in the contract. Under our statute (G. S. 1935, 17-1240, since amended) the transaction was voidable, at plaintiff's election, by any action to recover what she gave for the stock certificate, which had to be brought within three years. This action was not brought within that time, hence it is barred.

The judgment is reversed and the cause remanded with directions to enter judgment for defendants.

ALLEN, J. (dissenting): I think the judgment should be affirmed.

This was an action to quiet title. The plaintiff is in possession. The right to maintain an action to remove a cloud from a title is a continuing one to which the statute of limitations is not applicable. (*Cooper v. Rhea,* 82 Kan. 109, 107 Pac. 799; *Harris v. Defenbaugh,* 82 Kan. 765, 109 Pac. 681; *Jones v. Hammond,* 118 Kan. 479, 235 Pac. 857.)

It is not shown that intervening interests of third parties are involved. It is not claimed that the Home Royalty Association, Incorporated, is an innocent purchaser for value without notice. Although the Home Royalty Association and Home Royalty Association, Incorporated, may be separate entities, all the circumstances show they were organized, promoted and owned by the same individuals. There is nothing in this record to show why the general rule announced in the above cases should not apply.