No. 39,539

John C. Murray, *Appellant*, v. Emory O. Brown, and Lawrence V. Brown, and Gary C. Brown, Trustees of Emory O. Brown, *Appellees.*

(276 P. 2d 344)

Opinion filed November 13, 1954.

*Jerry M. Ward,* of Great Bend, argued the cause, and *Robert P. Keenan, Larry E. Keenan, S. R. Blackburn* and *Tudor W. Hampton,* all of Great Bend, were with him on the briefs for the appellant.

*Boyce P. Hardman,* of Great Bend, argued the cause, and *Herbert Diets,* of Great Bend, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Price, J.: This is an action for specific performance by which plaintiff seeks to compel defendant trustees to assign to him an overriding royalty interest on trust property.

Defendants' demurrer, on the ground the petition failed to allege facts sufficient to state a cause of action, being sustained, plaintiff has appealed.

No good purpose would be served by setting out or summarizing in detail the contents of the lengthy petition and exhibits attached thereto. Briefly stated, the story is this:

Under the provisions of their father's last will and testament, defendants, Lawrence V. Brown and Gary C. Brown, are duly qualified and acting trustees for their brother, Emory O. Brown. Included in the trust estate is the quarter section of land involved

Plaintiff and defendants, the latter acting in their capacity as trustees, had certain negotiations concerning the execution of an oil and gas lease on the property. As a result of these negotiations it was orally agreed between the parties that in consideration of plaintiff's securing a named lessee, he, plaintiff, was to receive a stated overriding royalty interest under the lease, and that defendants, in their *personal* capacity, together with their sister, were each to receive a stated overriding royalty interest under the lease.

Due to the failure and refusal on the part of defendant trustees to execute the written lease prepared in conformity to the foregoing oral agreement the deal fell through and defendants subsequently leased to other parties. This lawsuit followed.

It will be seen, therefore, that the only question involved is whether the alleged agreement is enforceable.

In support of the trial court's ruling to the effect that it is not, defendant trustees rely upon two propositions. The first is that the alleged contract is void and unenforceable because from its very terms they would profit personally as a result of their dealing in their capacity as trustees. Their second contention is that the alleged oral contract is void and unenforceable under the statute of frauds ( G. S. 1949, 33-106 ).

It is to be noted that the action was brought against defendants in their capacity as trustees of their brother's estate, and not against them personally. All alleged negotiations and agreements on the part of defendants were had in their capacity as trustees. By the very terms of the agreement each defendant trustee was to profit *personally* from the transaction. Nowhere does it appear that the trust estate would receive any such "additional" royalties.

In the entire field of law perhaps no doctrine has become more universally established than that which prohibits one in a fiduciary capacity from profiting personally as a result of transactions concerning the trust estate. On numerous occasions this court has been called upon to strike down transactions which involved trafficking by a fiduciary in trust property. In the early case of *Frazier v. Jeakins,* 64 Kan. 615, 68 Pac. 24, 57 L. R. A. 575, it was said:

"Nothing in the law of fiduciary trusts is better settled than that the trustee shall not be allowed to advantage himself in dealings with the trust estate. He shall not be allowed to serve himself under the pretense of serving his *cestui que trust.* . . . The opportunities which are open to an unfaithful trustee to advantage himself out of the trust estate are so many and so tempting, and the condition of the beneficiary in the trust ordinarily so helpless and con-

fiding, that the law gives warning in advance against all transactions out of which it is possible for the former to make gain at the expense of the latter. . . . 'So jealous is the law upon this point, that a trustee may not put himself in a position in which to be honest must be a strain on him'." (pp. 618 and 619)

A few of the many other decisions of this court following the doctrine announced in the Frazier case are: *Sowers v. Pollock,* 112 Kan. 599, 212 Pac. 103, 30 A. L. R. 458; *Alumbaugh v. Hedges,* 125 Kan. 449, 265 Pac. 50; *Crowley v. Nixon,* 132 Kan. 552, 557, 296 Pac. 376; *In re Estate of Brown,* 147 Kan. 395, 399, 76 P. 2d 857, 116 A. L. R. 1012; and *Shell Oil Co. v. Board of County Comm'rs,* 171 Kan. 159, 164, 165, 166, 231 P. 2d 220 (rehearing 171 Kan. 595, 237 P. 2d 257).

The court has examined and considered plaintiff's contentions with respect to the transaction under consideration, but finds them to be without substantial merit. For the reasons stated the court is of the opinion that the contract pleaded, being contrary to law and public policy, is void and unenforceable. (*Bradley v. Minor,* 173 Kan. 236, 239, 245 P. 2d 1206, 30 A. L. R. 2d 1224.) Such being the case, it is unnecessary to discuss the application of the statute of frauds.

The order of the trial court sustaining the demurrer to the petition was clearly correct and is affirmed.