No. 41,211

J. C. ZEHRING, *Appellant,* v. WAYNE C. FOSTER, *Appellee.*

(339 P. 2d 331)

600

Opinion filed May 16, 1959.

*Robert C. Helsel,* of Wichita, argued the cause, and *O. W. Helsel,* of Wichita, was with him on the brief for the appellant.

*Clifford H. Pugh,* of Wichita, was on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action on a promissory note. Defendant demurred to the amended petition on the ground it failed to state facts sufficient to constitute a cause of action. The demurrer was sustained and plaintiff has appealed.

The question presented involves application of certain provisions of our securities law in force at the time the note was executed and delivered to plaintiff and which are found at chapter 17, article 12, G. S. 1949.

The amended petition (hereafter referred to as petition) was filed on January 23, 1958, and, omitting formal parts, alleges:

"Plaintiff further states that on May 20, 1953, at Wichita, Kansas, for value received to-wit:

"145 shares of stock in the Wichita Camera Exchange, Inc.,

"the defendant made, executed and delivered to this plaintiff his certain promissory note, a copy of which is hereto attached, marked Exhibit 'A' and made a part of this petition.

"The said note provided for monthly payments of $100.00 each, the first of which payments was to be made on July 1, 1953. That no part of said note has been paid and that the plaintiff is the owner and holder thereof; that there is now due from defendant and owed to plaintiff the principal sum of $6,000.00 together with accrued interest in the sum of $1,590.00, making a total due from defendant to plaintiff of $7,590.00."

The note reads:

"PROMISSORY NOTE

"May 20, 1953

"As herein provided after date, I promise to pay to the order of J. C. Zehring the sum of Six thousand ($6,000.00) Dollars at his residence at Wichita, Kansas.

"Value received with six per cent interest per annum.

"I further agree to pay $100.00 on the first day of July, 1953, which sum shall include accrued interest, which interest shall first be deducted from said payment, with the balance applied on the principal balance, and a like sum the first day of each calendar month until this note shall have been paid in full.

"Permission is hereby reserved to pay any multiple of $100.00 at any payment date and upon any such sum being paid, interest thereon shall cease.

/s/   Wayne C. Foster."

G. S. 1949, 17-1239, provides in part:

"It shall be unlawful for any person to take within this state any note, obligation or promise in writing for which securities of any kind or interests of any kind in securities, as defined by this act, shall form the whole or any part of the consideration, unless before such note, obligation or promise in writing is signed by the maker or makers thereof, the person taking or accepting such note, obligation or promise in writing shall insert in the face thereof above the signature of the maker or makers, in plain, legible writing or print, the words 'given for shares in _____,' 'given for units in _____,' or 'given for interests in _____,' or whatever designation shall be suitable to indicate clearly the shares or interests in securities for which said note, obligation or promise in writing is given, and there shall be inserted in the note, obligation or promise in writing, in plain legible writing or print, the name of the person of which or interest in which shall form the whole or any part of the consideration aforesaid."

The section further provides that any person who shall take any note, obligation or promise in writing for any securities or interest of any kind in any kind of securities as defined by the act, without complying with the foregoing requirement, shall be liable to the party injured in a civil action for any and all damages sustained by such injured party.

The section further provides that any person who shall take any note, obligation or promise in writing for the face amount of $20 or more, for securities of any kind as defined by the act, without complying with the above requirement, shall be deemed guilty of a felony, and that if the note, obligation or promise in writing be for the face amount of less than $20 such persons shall be deemed guilty of a misdemeanor.

G. S. 1949, 17-1225, provides that the provisions of the act shall not apply to an isolated sale of any security by the owner thereof, such sale not being made in the course of repeated and successive sales of securities of the same issue by such owner.

The petition in this case alleges the note was given for the purchase price of 145 shares of stock. The note does not contain the information required by the statute. The petition does not allege the transaction was an "isolated sale" so as to bring it within the exemption. On the face of things, therefore, plaintiff committed an unlawful act—a felony—when he took the note from defendant maker.

It is a fundamental rule of law that no action may be maintained upon a contract or agreement made in violation of law, and we cite but a few of our decisions, several of which are factually analogous,

in support of this rule: *Pinney v. Bank,* 68 Kan. 223, 75 Pac. 119; *Fidelity State Bank v. Evans,* 129 Kan. 199, 282 Pac. 591; *National Bank v. White,* 133 Kan. 490, 1 P. 2d 257; *Roddy v. Hill Packing Co.,* 156 Kan. 706, 137 P. 2d 215; *Brumm v. Goodman,* 164 Kan. 281, 188 P. 2d 913; *Bradley v. Minor,* 173 Kan. 236, 245 P. 2d 1206, 30 A. L. R. 2d 1224, and *Murray v. Brown,* 177 Kan. 139, 276 P. 2d 344.

Plaintiff seeks to escape from the mandate of the statute (G. S. 1949, 17-1239) and the force and effect of the above-mentioned rule by directing our attention to G. S. 1949, 17-1240, which, so far as here applicable, provides that every sale or contract for sale made in violation of any of the provisions of the securities act shall be voidable at the election of the purchaser, provided that no action shall be brought for the recovery of the purchase price after three years from the date of such sale or contract for sale, and argues that because defendant failed to take any affirmative action to avoid the note during the three-year period he has waived his rights and, in effect, has affirmed the note. In support of this contention he relies on *Hoffman v. Home Royalty Ass'n,* 146 Kan. 279, 69 P. 2d 741; *Terrill v. Hoyt,* 149 Kan. 51, 87 P. 2d 238, and *Brown Memorial Foundation v. Rohrer,* 152 Kan. 291, 103 P. 2d 814.

The trouble with this argument is that G. S. 1949, 17-1240, has reference to the right of a purchaser to rescind the sale and recover the purchase price—in other words, it grants a right of affirmative relief to the purchaser, and that is what was attempted in the Hoffman and Terrill cases. In the Brown case it merely was held that defendant purchaser, having not elected to avoid the transaction for over eight years, and having acquiesced in the transaction by making payments on the obligation and by accepting its benefits in the form of dividends during such period, had in fact affirmed and ratified the transaction and therefore could not later repudiate it. None of these cases presents the situation we have before us.

We are not concerned here with whether this note is void or voidable, and neither are we concerned with the right of defendant purchaser to recover the purchase price of the securities under G. S. 1949, 17-1240.

The question is whether this petition states a cause of action.

It is quite true that under G. S. 1949, 17-1225, many transactions —one of which is an isolated sale—are exempt from the provisions of the securities act, and plaintiff contends this was an isolated sale.

He further argues that as the allegations of the petition do not affirmatively show the provisions of the act apply, the demurrer should have been overruled.

In passing, we think it is important to note that even in a criminal proceeding brought under the securities act another section thereof (G. S. 1949, 17-1246) places the burden of proof of any exemption under the act upon the party claiming the benefit of such exemption. (*State v. MacLean,* 142 Kan. 215, 218, 46 P. 2d 879.) It would seem clear, therefore, that in a civil action to recover on a note, as here, the burden of proof is upon plaintiff taker of the note to prove that the sale in question was an isolated sale so as to bring the transaction within the exemption. His petition, however, contains no such allegation and is silent on the matter.

Our conclusion, therefore, is this:

The petition affirmatively shows that the note was given for the purchase of shares of stock. The note does not contain the information required by the statute. On the face of things, therefore, plaintiff committed an unlawful act when he took the note, and his petition, as it now stands, amounts to nothing more than an attempt to recover on a transaction had in violation of law. It is clear, in order to state a cause of action under the facts here pleaded, it is necessary that the petition contain the further allegation that the transaction out of which the note was taken was exempt from the provisions of the act—that is, as here argued, it was an isolated sale. The petition contains no such allegation.

The demurrer to the petition was properly sustained and the judgment is affirmed.