No. 42,661

Everett L. Hunter, *Appellee*, v. American Rentals, Inc.,
*Appellant.*

(371 P. 2d 131)

Opinion filed May 5, 1962.

*Daniel M. Moyer*, of Wichita, argued the cause, and *W. E. Woodard, Jr.*, also of Wichita, was with him on the briefs for the appellant.

*Bernard V. Borst*, of Wichita, argued the cause, and *Ralph E. Gilchrist, Carl L. Buck* and *Warner Moore*, all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

Wertz, J.: This was an action for damages brought by Everett L. Hunter, plaintiff (appellee), against American Rentals, Inc., defendant (appellant), and the defendant appeals from the trial court's order overruling its demurrer to plaintiff's amended reply. Only so much of the pleadings as are necessary to determine the question involved will be narrated.

The petition alleged that the defendant corporation was engaged in the business of renting trailers to the general public, including trailer hitches and all other attendant equipment necessary to connect trailers to automobiles; that plaintiff went to defendant's place of business for the purpose of renting a trailer, told defendant's agent that he knew little about trailers, had never pulled a trailer behind an automobile, and that he would have to rely on defendant's agent's superior knowledge and skill to determine the size of the trailer and other necessary equipment to transport enumerated items from Wichita to Oklahoma City. The petition further alleged that after plaintiff supplied the information to defendant's agent as to the size and weight of the items to be hauled defendant's agent informed plaintiff they had the proper equip-

ment; that the agent then selected and attached to the rear bumper of plaintiff's vehicle a ball hitch and trailer, and, in addition, attached a chain from the trailer to the automobile; that defendant's agent returned to the office and advised plaintiff the trailer was ready for the trip and that it would not be necessary for plaintiff to do anything further to the trailer or the hitch. Plaintiff then paid the rental charges.

Driving his automobile and the trailer loaded with the furniture and items previously described, plaintiff departed from Wichita, and when he reached a point near Edmond, Oklahoma, the trailer hitch broke, leaving the trailer and automobile attached only by the safety chain. This chain had been attached by the defendant's agent in such a manner that it permitted the trailer to start moving from one side of the highway to the other, causing plaintiff's car to overturn, and by reason thereof plaintiff received personal injury and damage to the automobile for which he seeks recovery.

Plaintiff further alleged that defendant was guilty of negligence in certain particulars, and more especially that the ball hitch was worn and weak and not the proper size to be used to tow the load and withstand the force and strain to be placed upon it; that excessive slack in the chain permitted the trailer to seesaw after the hitch broke, causing the car to overturn; that the defendant's agent, with his superior knowledge of trailers and trailer equipment, negligently furnished and attached inadequate and improper equipment; and that the trailer was not fit for the purpose for which it was intended.

By its answer defendant seeks to avoid liability to plaintiff, contending that the plaintiff entered into a written rental agreement for the use of one of defendant's trailers and at the time the rental agreement was entered into plaintiff paid the defendant the rental charge. A portion of the rental agreement reads:

"The renter hereby absolved the AMERICAN RENTALS of any responsibility or obligation in the event of accident, regardless of causes or consequence, and that any costs, claims, court or attorney's fees, or liability resulting from the use of described equipment will be indemnified by the renter regardless against whom the claimant or claimants institute action.

.    .    .    .    .    .    .    .    .    .    .    .    .

"AMERICAN RENTALS makes no warranty of fitness or usage, express or implied. The undersigned received said property in its present condition and waives all claims present and future against AMERICAN RENTALS including those resulting from defects, latent or apparent."

For his reply to defendant's answer plaintiff denied there was any consideration for the mentioned agreement; that the terms and conditions therein stated were misrepresented to the plaintiff; that there was no meeting of the minds of the parties; and, if such terms be deemed contractual, then said conditions were unenforceable and the contract was void as being contrary to the public policy of this state.

Defendant demurred to the reply on the ground that the allegations therein were insufficient to establish the unenforceability of the written agreement. The trial court overruled the defendant's demurrer and apparently held that the terms of the mentioned receipt, or contract, did not constitute a defense for defendant for the reason that its terms, which exonerated defendant from liability for its negligence, were void as against public policy, and defendant appeals.

G. S. 1949, Chapter 8, Article 5, contains the uniform act regulating traffic on the highway. Section 8-5,118 provides:

"(a) When one vehicle is towing another the drawbar or other connection shall be of sufficient strength to pull, stop and hold all weight towed thereby, . . . (b) In addition to the drawbar connections between any two such vehicles there shall be provided an adequate safety hitch. . . ."

Contracts for exemption for liability from negligence are not favored by the law. They are strictly construed against the party relying on them. The rule is unqualifiedly laid down by many decisions that one cannot avoid liability for negligence by contract. The rule against such contracts is frequently limited to the principle that parties cannot stipulate for the protection against liability for negligence in the performance of a legal duty or a duty of public service, or where the public interest is involved or a public duty owed, or when the duty owed is a private one where public interest requires the performance thereof. (17 C. J. S., Contracts, § 262; 12 Am. Jur., Contracts, § 183.) There is no doubt that the rule that forbids a person to protect himself by agreement against damages resulting from his own negligence applies where the agreement protects him against the consequences of a breach of some duty imposed by law. It is, of course, clear that a person cannot, by agreement, relieve himself from a duty which he owed to the public, independent of the agreement. (*Murray v. The Texas Co.*, 172 S. C. 399, 174 S. E. 231.) An analysis of the decisions indicates that even under the view that a person may, under some circum-

stances, contract against the performance of such duties, he cannot do so where the interest of the public requires the performance thereof. (12 Am. Jur., Contracts, § 183.)

Under the statute the defendant, being engaged in the business of renting trailers to the general public, including trailer hitches and other attendant equipment necessary to connect the rented trailers to the automobiles, owed a duty, not only to the plaintiff but also to the general public, to see that the trailer hitch was properly installed and the trailer properly attached thereto in order that the same might be safely driven on the highway for the purpose and use for which it was intended; and defendant, by contract, could not relieve itself from its negligent acts of failing to make those safe connections and installations. The contract on the part of the defendant to relieve itself from such negligent liability is against the public policy of this state and void. (*Nashua &c. Paper Co. v. Noyes Co.*, 93 N. H. 348, 41 A. 2d 920.)

It is apparent that the mentioned statute was passed for the protection of the public; that the business in which the defendant is engaged, *i. e.*, that of renting trailers to the public, is one where the interest and safety of the public must be kept in view; and, where one violates a duty owed to the public, he may not come into a court of law and ask to have his illegal contract, exempting him from liability to comply with such duty, carried out. The law will not aid either party to an illegal agreement. (17 C. J. S., Contracts, § 272.) If an agreement binds the parties, or either of them, to do something opposed to the public policy of the state, it is illegal and absolutely void. (17 C. J. S., Contracts, § 211; 12 Am. Jur., Contracts, § 167.) An agreement is against public policy if it is injurious to the interests of the public, contravenes some established interest of society, violates some public statute, or tends to interfere with the public welfare or safety.

In *Murray v. Brown*, 177 Kan. 139, 276 P. 2d 344, this court held that no action may be maintained, either at law or in equity, to enforce a contract or agreement made in contravention of law. (See, also, *Bradley v. Minor*, 173 Kan. 236, 245 P. 2d 1206, 30 A. L. R. 2d, 1224.) To allow defendant to escape liability by reason of its alleged contract would be defeating the purpose and intention of the legislature as provided in the mentioned statute.

In the instant case the public was concerned with the security of its citizens as to use of the trailer on the highway. The public had

a right to expect and demand that defendant, being engaged in a public service, would comply with the statute and see that the trailer hitch was of sufficient strength and the trailer properly attached so as to be safe for its use. (*Otis Co. v. Maryland Co.*, 95 Colo. 99, 33 P. 2d 974.)

A contract, such as the one in the instant case, does not change the law of public liability. No such opportunities are extended; neither can they be made a privilege by contract. By defendant's own contract, if construction were allowed, plaintiff paid to place himself at the mercy of and subject to the negligence and carelessness of the defendant's agent in connecting the trailer to his automobile. (*Otis Co. v. Maryland Co.*, supra.)

For the reasons stated, this court is of the opinion that the contract pleaded, being in contravention of the statute and the public policy of this state, is void and unenforceable and constitutes no defense to plaintiff's cause of action, that defendant's demurrer to plaintiff's reply was properly overruled by the trial court, and the judgment must be affirmed.

It is so ordered.