Mr. Richard Sanborn Mulvane City Attorney 343 N. Market, Suite 200 Wichita, Kansas 67202-2009
Dear Mr. Sanborn:
As Mulvane city attorney, you request our opinion whether the Kansas open meetings act (KOMA) and the Kansas open records act (KORA) apply to settlement agreements funded with public monies on behalf of a city.
 The KORA Application
K.S.A. 45-216 declares it "to be the public policy of this state that public records shall be open for inspection by any person unless otherwise provided by this act, and this act shall be liberally construed and applied to promote such policy." The disclosure of public records is mandated as the public policy of the state, unless otherwise provided by the KORA. K.S.A. 1992 Supp. 45-217(f) defines public record as "any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency." The city of Mulvane is a public agency within the meaning of K.S.A. 1992 Supp. 45-217(e). The city may enter into a contract with another entity or individual to settle the legal disputes between them. The record in question, a settlement agreement, is a "public record" subject to the KORA. Thus, it is presumed that the provisions of the settlement agreement are open to the inspection of the public upon request, unless there is an exemption applicable in the act.
K.S.A. 1992 Supp. 45-221 provides a lengthy list of records which may be closed within the discretion of the public agency. Additionally, the records can be closed by federal law, state statute or rule of the Kansas Supreme Court. K.S.A. 1992 Supp. 45-221(a)(1).
Since the KORA does not afford exemption from the disclosure specifically to terms of a settlement agreement entered into by a public agency, we must examine existing provisions as to whether any of them would possibly apply to the settlement agreement.
K.S.A. 1992 Supp. 45-221(a)(25) exempts records which represent and constitute work product of an attorney. "Work product" which is protected against discovery covers material prepared by an attorney in anticipation of litigation, including private memoranda, written statements of witnesses and mental impressions of personal recollections prepared or formed by an attorney in anticipation of litigation or for trial. Black's Law Dictionary 5th ed., p. 1440. Therefore, it is unlikely that the settlement agreement signed by both parties is considered as the "work product" of an attorney under this exemption.
K.S.A. 1992 Supp. 45-221(a)(4) exempts:
 "[p]ersonnel records, performance ratings or individually identifiable records pertaining to employees or applicants for employment, except that this exemption shall not apply to the names, positions, salaries and lengths of service of officers and employees of public agencies once they are employed as such."
Assuming the party to the settlement agreement is an employee of the city, it is doubtful that the settlement agreement is going to be considered as "personnel records." Not all records concerning a public employee will automatically qualify as a personnel record. See Attorney General Opinions No. 91-50, 90-136 and 89-106.
K.S.A. 45-221(a)(30) provides exemption from disclosure to "[p]ublic records containing information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy." As discussed in Attorney General Opinion No. 89-106, this provision offers a very narrow exception to the disclosure rule when certain information in government records relates to the intimate details of a person's private life.
Kansas recognizes the tort of invasion of privacy, but precludes liability for public disclosure of facts that have entered the public domain. Rawlins v. Hutchinson Publishing Company, 218 Kan. 295, 305
(1975).
The KORA personal privacy exception is similar to the personal privacy provision in the federal freedom of information act (FOIA). In examining the FOIA, courts have held that embarrassment alone does not suffice to justify nondisclosure, Simms v. CIA, 642 F.2d 562 (D.C. 1980), and recognized that if the invasion of privacy is insubstantial, a superior public interest in disclosure prevails, Campbell v. U.S. Civil ServicesCommission, 539 F.2d 58 (10th Cir. 1976). Attorney General Opinion No. 91-50.
Therefore, application of the personal privacy exemption of the KORA depends on the nature of the terms of the settlement agreement. Only when disclosure clearly invades personal privacy of the party involved in the agreement, may it possibly be closed under this exemption.
We find no authority for the city to discretionarily close the settlement agreement, absent facts to establish personal privacy.
If a public agency does not independently have the authority to close a public record, neither it nor its agents have the authority to contractually agree to such a term or requirement. "If an agreement binds the parties, or either of them, to do something opposed to the public policy of the state, it is illegal and absolutely void. An agreement is against public policy if it is injurious to the interests of the public, contravenes some established interest in society, violates some public statute, or tends to interfere with the public welfare or safety." Hunterv. American Rentals, 189 Kan. 615 (1962). Contracts that contain valid and invalid provisions in which the lawful provisions can be easily severed will be upheld as to the lawful provisions. Miller v. Foulston,Siefkin, Powers and Eberhardt, 246 Kan. 450, 462 (1990).
 The KOMA Application
It is declared to be the policy of this state that meetings of the conduct of governmental affairs and the transaction of governmental business be open to the public. K.S.A. 75-4317. The city of Mulvane is a "public body" subject to the KOMA. Only a few topics are permitted for discussion during executive session: (1) personnel matters of non-elected personnel; (2) consultation with an attorney for the body or agency which would be deemed privileged in the attorney-client relationship; (3) matters relating to employer-employee negotiations whether or not in consultation with the representative or representatives of the body or agency; (4) confidential data relating to financial affairs or trade secrets of corporations, partnerships, trusts, and individual proprietorships; (5) matters relating to actions adversely or favorably affecting a person as a student, patient or resident of a public institution, except that any such person shall have the right to a a public hearing if requested by the person; . . .
Under the above cited subsection (2), the city attorney may discuss settlement agreement terms with the city council members and other officials during the negotiation stage based on privileged confidential communication between an attorney and a client. Your inquiry is whether the city council may make a binding action on the settlement agreement during the executive session without disclosing the terms to the public.
K.S.A. 75-4319(c) provides: "No binding action shall be taken during closed or executive recesses, and such recesses shall not be used as a subterfuge to defeat the purposes of this act."
There is no exception to the mandatory rule expressed in the provision. Without a clearly expressed exception to the rule, we must conclude that binding action on the settlement agreement must be taken in an open meeting.
We are cognizant of your assertion that unavailability of confidentiality clauses in a settlement agreement may tend to foster unnecessary litigation against the city. You also state that some adversaries of the city in litigation have proposed the settlement agreement with confidentiality clauses on several occasions. Although it may be true that the availability of confidentiality clauses would facilitate the disposition of lawsuits against the city, it is not our function to legislate a new law, or distort the existing laws to serve a better purpose. Additionally, we agree with your conclusion that a private individual or entity who is a co-defendant with the city may enter into a settlement agreement with the plaintiff which contains a confidentiality clause, as long as such clause does not bind the city.
We note that our discussion concerns the general principles of the settlement agreement in application of the KOMA and the KORA. Certain provisions of specific settlement agreements could possibly be closed based on federal or state laws, Supreme Court rules, or other exemptions.
In conclusion, the city must disclose the terms of a settlement agreement, because the confidentiality clause would be considered as invalid against public policies expressed in the KORA, and there is no exemption available to close the records from public inspection. The city may not take binding action on a settlement agreement during the executive session under the KOMA.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas