854 F.Supp. 605 (1994)
Theodore P. MOSES, Plaintiff,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware corporation; Union Pacific Railroad Company, a Utah corporation, Defendant,
Atchison, Topeka & Sante Fe Railroad Company, Third-Party Defendant.
BURLINGTON NORTHERN RAILROAD COMPANY, Third-Party Plaintiff,
v.
MID-SOUTH MILLING COMPANY, INC., Third-Party Defendant,
Atchison, Topeka & Sante Fe Railroad Company; Mid-South Milling Company, Inc., Defendant,
Union Pacific Railroad Company, Third-Party Plaintiff.
UNION PACIFIC RAILROAD COMPANY, Cross-Claimant,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, Cross-Defendant.
ATCHISON, TOPEKA & SANTE FE RAILROAD COMPANY, Cross-Claimant,
v.
UNION PACIFIC RAILROAD COMPANY, Cross-Defendant.
No. 4:92CV00412 GFG.
United States District Court, E.D. Missouri, Eastern Division.
June 6, 1994.
Douglas P. Dowd, Dowd and Dowd, St. Louis, MO, for plaintiff Theodore P. Moses.
William A. Brasher, Richard F. Nash, Sr., Peter J. Barkofske, Richard F. Nash, William A. Brasher Law Offices, St. Louis, MO, for Burlington Northern R. Co.
Dan H. Ball, J. Powell Carman, Associate, Michael D. O'Keefe, Partner, Thompson and Mitchell, St. Louis, MO, for Union Pacific R. Co.
R. Michael Steele, Donald C. Bollard, Sherman and Taff, Kansas City, MO, for Mid-South Mill. Co., Inc.
*606 Paul M. Brown, Wendy Wiedemann-Hudson, Coburn and Croft, St. Louis, MO, for Atchison, Topeka & Sante Fe R. Co.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on various pretrial motions.
Plaintiff Theodore P. Moses brings this action against defendants Burlington Northern Railroad Company (BN), Union Pacific Railroad Company (UP) and Atchison, Topeka and Sante Fe Railroad Company (Atchison) to recover for injuries he sustained when a pull-plate broke free from a railroad car, striking him in the head. Plaintiff was moving the railroad car as part of his duties as a grinder and a laborer for his employer, Mid-South Milling Company (Mid-South), when the accident occurred. Plaintiff has settled his claims against BN and Atchison and BN has dismissed its third-party complaint against Mid-South.
Mid-South moves to dismiss, or alternatively, for summary judgment on the third-party complaints filed against it by BN and UP. Mid-South's motion is moot with respect to the third-party complaint filed by BN. UP's third-party complaint against Mid-South alleges negligence on Mid-South's part and seeks indemnification pursuant to an Industry Track Agreement (ITA) entered into between UP and Mid-South. Mid-South argues that the Industry Track Agreement (ITA) between UP and Mid-South is not applicable to plaintiff's accident. Mid-South argues further that even if the ITA does apply to the facts of this case, it does not contain clear and unequivocal language showing an intent to indemnify UP for negligence. Finally, Mid-South argues that it is immune under the Worker's Compensation Act because the ITA does not contain a provision whereby Mid-South assumed an independent duty to UP.
Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587, 106 S.Ct. 1348, 1355-1356, 89 L.Ed.2d 538 (1986); Fed. R.Civ.P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
UP bases its claim for indemnification on the language of Section 4(c) of the ITA which provides in relevant part:
Except as otherwise specifically provided in this agreement, all loss related to the construction, operation, maintenance, use, presence or removal of the Track shall be allocated as follows:
2. The Industry shall pay the Loss when the Loss arises from or grows out of the acts or omissions of the Industry, or when the Loss arises from or grows out of (i) any impairment of the standard clearances of the Railroad as described in Section 3(a), (ii) the Industry's failure to construct or adequately maintain pathways or walkways as required by Section 2(c)(2), (iii) the Industry's failure to comply with the Standards, or (iv) any *607 explosion or leakage or evaporation of hazardous substances or hazardous wastes. This subsection applies regardless of whether the Railroad had notice of, consented to, or permitted the aforesaid impairments, failures, Standards, wastes or substances, and whether or not the Railroad or a Third Person contributes to cause the loss.
In its third-party complaint against Mid-South, UP alleges that Mid-South was negligent in the following respects:
(a) Failing to inspect the railcar;
(b) Failing to repair the railcar;
(c) Failing to provide its employees an appropriate car for its intended purposes;
(d) Failing to appropriately train or supervise their employees; and
(e) Failing to provide their employees with appropriate equipment.
Section 5(b) of the ITA defines "track" as follows:
All references in this Agreement to Track shall apply to the track as constructed, even if it differs or varies from its depiction on Exhibit A. References in this Agreement to Track shall also apply to rearrangements, reconstructions, extensions or additions to the Track.
Mid-South argues that it is entitled to summary judgment because the relevant language of the ITA is inapplicable to the circumstances surrounding plaintiff's accident. Specifically, Mid-South contends that plaintiff's accident had nothing to do with the "construction, maintenance, use, presence or removal of the Track." The Court agrees.
Kansas courts have repeatedly held "that contracts for exemption from liability for negligence are not favored by the law and that they are strictly construed against the party relying on them." Cason v. Geis Irr. Co. of Kansas, Inc., 211 Kan. 406, 507 P.2d 295, 299 (1973) (citing Talley v. Skelly Oil Co., 199 Kan. 767, 433 P.2d 425 (1967), and Hunter v. American Rentals, 189 Kan. 615, 371 P.2d 131 (1962)). In Cason, the Court held that an indemnity agreement between a seller and a buyer of natural gas for damage or injury resulting from the handling or use of the natural gas or use of the facilities employed did not apply to injuries arising out of an explosion in the gas line. The Court noted that the liability arose out of the faulty design, construction and installation of a gas tank and not out of the use of the gas or facilities.
Similarly, in this case, the Court is reluctant to apply the indemnity agreement when it is apparent that liability is based on the condition of a weld and is wholly unrelated to the construction, maintenance, use, etc. of the track. More is required than the mere presence of the railcar on the track to trigger the track agreement in this case. Absent some causal connection between the use of the track and plaintiff's injury, the indemnity agreement cannot be a predicate for UP's recovery against Mid-South. See Illinois Cent. Gulf R. Co. v. International Paper Co., 824 F.2d 403, 407 (5th Cir.1987).
UP has cited to the Court Missouri Pac. v. Kansas Gas & Elec. Co., 862 F.2d 796 (10th Cir.1988) (MoPac case), in support of its assertion that the ITA applies to plaintiff's accident and establishes contractual indemnity on the part of Mid-South. In that case, the Court held that an ITA unambiguously required a shipper to indemnify a railroad because the shipper failed to keep tracks free of debris pursuant to the terms of the ITA. The MoPac case is distinguishable from this case because the shipper admitted that he had breached the terms of the ITA when he built a dirt crossing over the tracks which later caused a train to derail. In the present case, the Court cannot find any breach of the ITA which would trigger the indemnity language of Section 4(c). Accordingly, the Court finds that no genuine issue of material fact exists and that Mid-South is entitled to summary judgment on UP's claim for indemnification. Under Kansas law, however, UP may still designate Mid-South as a phantom party for apportionment of fault even in the absence of a contractual indemnity provision. See, e.g., Hefley v. Textron, Inc., 713 F.2d 1487, 1496 (10th Cir.1983); Brown v. Keill, 224 Kan. 195, 580 P.2d 867 (1978); Kan.Stat. Ann. § 60-258a(c) and (d).
After consideration,
*608 IT IS HEREBY ORDERED that the motion of defendant Mid-South Milling Company, Inc. to dismiss, or, alternatively, for summary judgment, filed December 1, 1993, is granted and summary judgment is entered in favor of Mid-South Milling Company, Inc. on the third-party complaint of Union Pacific Railroad Company.
IT IS FURTHER ORDERED that the motion of Mid-South Milling Company, Inc. to dismiss, or, alternatively, for summary judgment against Burlington Northern Railroad Company, filed November 26, 1993, is denied as moot.
IT IS FURTHER ORDERED that the motion of defendant Union Pacific to compel, filed December 21, 1993, is denied as moot.
IT IS FURTHER ORDERED that the motion of Atchison, Topeka and Sante Fe Railroad Company to dismiss Count V of plaintiff's second amended complaint, filed February 7, 1994, is denied as moot.
IT IS FURTHER ORDERED that the motion of Burlington Northern Railroad Company for Judgment on the pleadings, filed May 26, 1994, is denied as moot.