Joe M. RAY, Jr., Plaintiff,

v.

FEDEX CORPORATE SERVICES, INC., Defendant.

No. 07–2598 JPM-dkv.

United States District Court,
W.D. Tennessee,
Western Division.

Aug. 31, 2009.

Order Denying Reconsideration
Nov. 5, 2009.

**1064**

Maureen T. Holland, Holland & Associates, PLLC, Memphis, TN, for Plaintiff.

John W. Campbell, Terrence O. Reed, Federal Express Corporation, Memphis, TN, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JON PHIPPS McCALLA, Chief Judge.

Before the Court is FedEx Corporate Services, Inc.'s ("Defendant" or "FedEx Services") Motion for Summary Judgment (Doc. 67), filed March 13, 2009. Joe M. Ray, Jr. ("Plaintiff") responded in opposition on April 13, 2009 (Doc. 70). With leave of Court, Defendant filed a reply brief (Doc. 84) on May 4, 2009. For the reasons that follow, Defendant's Motion for Summary Judgment is GRANTED.

### I. RELEVANT FACTS

This cause of action arises out of Plaintiff's employment with Defendant. On August 2, 2002, Plaintiff applied for employment with FedEx Services. (Def.'s Mot. for Summ. J. Ex. 2, Decl. of Lynn Die bold (hereinafter "Diebold Decl.") ¶ 12.) At that time, Plaintiff executed an "Employment Agreement," which contained terms and conditions of employment with Defendant. (Id.) The Employment Agreement contained a provision stating that if Plaintiff wishes to bring legal action against FedEx Services, he is required to do so "within the time prescribed by law or 6 months from the date of the event forming the basis of the lawsuit, whichever expires first." (Id., Ex. C thereto at 18.) Plaintiff signed the Employment Agreement, indicating that he had read its contents and understood its terms. (Def.'s Mot. for Summ. J. Ex. 1, Excerpts of Joe M. Ray, Jr. Dep. (hereinafter "Ray Dep.") 23:10–24:15.) On September 24, 2002, FedEx Services hired Plaintiff as a Business Development Analyst. (Id. 12:11–18.)

On February 24, 2006, Defendant terminated Plaintiff's employment, citing a good-faith belief that he had engaged in illegal activity and violated FedEx Service's discipline policy as reasons for his termination. (Def.'s Mot. for Summ. J. Ex. 8, Decl. of Allan Carmack ¶ 8; Diebold Decl. ¶¶ 7–9.) At the time Plaintiff was terminated, he was forty-six years old. (Ray Dep. 21:3–4.) On September 19, 2007, Plaintiff brought this cause of action under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), alleging that Defendant's decision to terminate him was motivated by age discrimination rather than by a legitimate non-discriminatory reason.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. *Emmons v. McLaughlin,* 874 F.2d 351, 353 (6th Cir.1989). In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden–Alimak, Inc.,* 799 F.2d 1128, 1133 (6th Cir.1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Abeita v. TransAmerica Mailings, Inc.,* 159 F.3d 246, 250 (6th Cir.1998). A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. 2505.

## III. ANALYSIS

In the instant Motion, Defendant argues that it is entitled to summary judgment because: (1) Plaintiff's case is time-barred; (2) Defendant has identified legitimate non-discriminatory reasons for terminating Plaintiff; and (3) Plaintiff cannot establish that Defendant's reasons were pretextual.[1]

Having reviewed the parties' briefs and supporting evidence, the Court finds that Defendant's first ground for summary judgment is determinative. The Court will therefore limit its discussion to whether Plaintiff's claim was timely filed.

Defendant argues that Plaintiff's ADEA claim is time-barred pursuant to the six-month limitations provision in the Employment Agreement. Defendant asserts that the provision should bar Plaintiff's claim because: (A) the statute of limitations defense was adequately pled to give Plaintiff notice and (B) the Employment Agreement is enforceable.

### A. Notice Pleading

As an initial matter, Plaintiff argues that notwithstanding the enforceability of the Employment Agreement, Defendant failed to assert a "contractual shortening of a limitations period" as an affirmative defense. As a result, Plaintiff

---

1. For purposes of this Motion, Defendant does not dispute that Plaintiff can establish a prima facie case for age discrimination under the ADEA. *See McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (establishing the burden of proof for

employment discrimination cases); *see also Kline v. Tenn. Valley Auth.,* 128 F.3d 337, 348 (6th Cir.1997) (applying the *McDonnell Douglas* framework to age discrimination cases brought under the ADEA).

argues, Defendant has waived its right to raise the defense in its summary judgment motion.

 Rule 8 of the Federal Rules of Civil Procedure provides that a party must affirmatively state a statute of limitations defense in its responsive pleading. Fed. R.Civ.P. 8(c). A statute of limitations defense may be waived if not asserted in a responsive pleading and if the plaintiff can show that he was prejudiced as a result of the omission. *See Stupak–Thrall v. Glickman,* 346 F.3d 579, 585 (6th Cir.2003) (finding that the government did not waive its statute of limitations defense because plaintiff had a fair opportunity to respond to the defense and, as a result, was not prejudiced). An affirmative defense may be pled in general terms provided the plaintiff has fair notice of the defense. *Davis v. Sun Oil Co.,* 148 F.3d 606, 614 (6th Cir.1998) ("[A]n affirmative defense may be pleaded [sic] in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense.")(*quoting* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed.2009)).

There is no dispute that Defendant raised a "statute of limitations" defense in its Answer. Defendant's Answer states in pertinent part that "[s]ome or all of Plaintiff's claims are barred by the applicable statute of limitations." (Def.'s Answer to Pl.'s Compl. (Doc. 9) ¶ 7.) Plaintiff argues, however, that because Defendant failed to specify that a "contract" and not a "statute" governed the time in which he could bring his claim, Plaintiff was not given adequate notice of the defense. The Court is not persuaded.

Rule 8 does not create a distinction between a statute of limitations defense and a defendant's assertion that a plaintiff's complaint is contractually time-barred. Moreover, federal courts in this circuit have routinely referred to contractual limitations periods as "statute of limitations" periods. *See e.g., Austral–Pac. Fertilizers, Ltd. v. Cooper Indus., Inc.,* 1997 WL 124097 at *6 (6th Cir. Mar. 18, 1997) ("Austral–Pacific and Cooper Industries included implied warranties ... not subject to any contractual statute of limitations."); *Laborers' Pension Trust Fund v. Rocwall Co.,* 2008 WL 619206 at *1 (E.D.Mich. Feb. 28, 2008) ("In essence, the Clause is a contractual statute of limitations that requires the Union to timely file a complaint...."); *Burton v. Nationwide Ins. Co.,* 2007 WL 3309076 at *3 (E.D.Tenn. Nov. 6, 2007) (" '[T]he contractual statute of limitations begins to run upon denial of liability....' ").

Plaintiff cites no case law where a court has distinguished a statute of limitations affirmative defense from a contractual limitations defense for purposes of Rule 8 notice pleading. Furthermore, assuming *arguendo,* that a distinction exists, a "contractual" limitations defense is not one of the affirmative defenses enumerated in Rule 8(c), and thus, is not subject to waiver under the rule. For these reasons, the Court finds that Defendant has not waived its contractual statute of limitations defense.

## B. Enforceability

Defendant argues that the Employment Agreement is enforceable because: (1) there was consideration; (2) a contractual limitations provision is consistent with public policy; and (3) a breach of good faith and fair dealing, if one exists, does not affect Plaintiff's obligation to comply with the six-month limitations provision.

### 1. Consideration

It is undisputed that when Plaintiff applied for employment at FedEx Services, he executed an Employment Agreement containing the terms and conditions of em-

ployment. The Employment Agreement provided in relevant part that:

> To the extent the law allows an employee to bring legal action against FedEx Corporate Services, I agree to bring that complaint within the time prescribed by law or 6 months from the date of the event forming the basis of my lawsuit, whichever expires first.

(Diebold Decl., Ex. C at 18.)

While Plaintiff does not dispute that he signed the Employment Agreement, he asserts that the contract is unenforceable because there was no consideration. Specifically, Plaintiff argues that the agreement was signed before he was employed with FedEx Services, and that he "received no extra benefit by agreeing to the six month period...." (Pl.'s Resp. to Def.'s Mot. for Summ. J. 19.) The Court disagrees.

At the time Plaintiff accepted the position at FedEx Services, he had already executed the Employment Agreement indicating that he understood the terms of employment with Defendant. FedEx Service's subsequent promise to hire Plaintiff was a valid offer of employment based on the terms of the agreement. By accepting employment with FedEx Services, Plaintiff accepted the terms of the Employment Agreement, thereby agreeing to exchange his services for a salary and other employment benefits. That Plaintiff was not yet an employee of FedEx Services is not determinative since Plaintiff knew the terms of his employment before he accepted the offer. The Court finds that Plaintiff received consideration for entering into the Employment Agreement.

While Plaintiff asserts that he received "no extra benefit by agreeing to the six month period," he does not offer evidence to support the proposition that an "extra benefit" was necessary. Moreover, to the extent Plaintiff argues that consideration was inadequate, the Court declines to make such a determination. *See Cleveland–Cliffs Iron Co. v. Chicago & N.W. Transp.*, 581 F.Supp. 1144, 1150 (D.C.Mich.1984) ("[T]he general rule is that courts will not inquire into the adequacy of the consideration of a contract."); 3 Richard A. Lord, *Williston on Contracts* § 7:21 (4th ed. 2009) ("It is an elementary and oft quoted principle that the law will not inquire into the adequacy of consideration as long as the consideration is otherwise valid or sufficient to support a promise.").

### 2. Public Policy Regarding Modified Limitation Periods

■ Defendant argues that "[i]t is a well-settled principle that parties may agree to a limitations period shorter than that provided by federal or state law." (Def.'s Mot. for Summ. J. 19.) Defendant cites *Order of United Commercial Travelers Am. v. Wolfe*, to support the proposition that a contractual modification of a statute of limitations period is consistent with policies supporting parties' freedom to contract. 331 U.S. 586, 608, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947) ("It is well established that ... a provision in a contract may validly limit, between the parties, the time for bringing an action ... less than that prescribed in the general statute of limitations, provided the shorter period itself shall be a reasonable period."). While Plaintiff does not dispute that parties may generally contract to abbreviate a statute of limitations period, he asserts that, in age discrimination cases brought under the ADEA, such a contract must comport with the requirements of the Older Workers Benefit Protection Act ("OWBPA").

The OWBPA, which amends the ADEA, was enacted to clarify restrictions on employers seeking to have discharged employees waive their rights to file ADEA claims. 29 U.S.C. § 626(f)(1). The OWBPA sets out minimum requirements that

must be met in order for an ADEA waiver to be valid. *Id.* Before determining whether such requirements were met, however, the Court must first be satisfied that the OWBPA is applicable to the case at bar.

The OWBPA waiver provision states in pertinent part that "[a]n individual may not waive any right or claim under this chapter unless the waiver is knowing and voluntary." *Id.* Thus, for the OWBPA to apply, Plaintiff must establish that by signing the Employment Agreement, he waived a "right or claim" under the ADEA.

Most courts that have considered the rights and claims referred to in the OWBPA waiver provision have determined that the provision applies to substantive rights, but not procedural rights. *See Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 170 F.3d 1, 13 (1st Cir.1999) (finding that the OWBPA's reference to "any right" applies to substantive rights, and not the right to a jury trial, a procedural right); *see also Williams v. Cigna Fin. Advisors, Inc.,* 56 F.3d 656, 661 (5th Cir. 1995) ("We recognize that Congress, through the OWBPA, has protected terminated employees who waive their substantive rights under ADEA. . . ."). Plaintiff does not cite any case law where a court has found that the OWBPA waiver provision applies to both substantive and procedural rights.

It is well-established that statutes of limitations are procedural in nature. *See Manning v. Fort Deposit Bank,* 619 F.Supp. 1327, 1331 (D.C.Tenn.1985) ("The statute of limitations is a remedial device only and does not affect the substantive rights of the parties."); *Lopardo v. Lehman Bros., Inc.,* 548 F.Supp.2d 450, 461 (N.D.Ohio 2008) ("The idea that statutes of limitation affect procedural rights and not substantive rights can be traced back at least as far as the United States Supreme

Court decision in *Campbell v. Holt,* 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885).").

Having found that the OWBPA waiver provision applies to substantive and not procedural rights, and having also found that a statute of limitation is procedural in nature, the Court concludes that the OWBPA is inapplicable in the instant case.

**C. Effect of Alleged Breach**

Plaintiff argues that even if the Court were to determine that the Employment Agreement is an enforceable contract, Defendant materially breached the implied covenant of good faith and fair dealing by discriminating against Plaintiff, thereby extinguishing Plaintiff's obligation to comply with its terms. The Court disagrees.

Courts have long held that contracts may not be interpreted in a manner that would frustrate the intentions of the parties. *See Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.* 78 S.W.3d 885, 889 (Tenn.2002); *Datron, Inc. v. CRA Holdings, Inc.,* 42 F.Supp.2d 736, 741 (W.D.Mich.1999); *Bense v. Interstate Battery Sys. of Am.,* 683 F.2d 718, 722 (2d Cir.1982). Like an arbitration agreement or a forum selection clause, an agreement to reduce a statute of limitations period is a structural provision. If unilateral claims of material breach of contract nullified statute of limitations provisions in the contracts, such provisions would be futile. *See Org. Comm. for 1998 Goodwill Games, Inc. v. Goodwill Games, Inc.,* 919 F.Supp. 21, 24–25 (D.D.C.1995) (finding that if an agreement to arbitrate disputes could be voided by a unilateral claim of material breach, arbitration provisions would be meaningless); *CK DFW Partners Ltd. v. City Kitchens, Inc.,* 2007 WL 2381259 at *6 n. 2 (N.D.Tex. Aug. 17, 2007) ("If a material breach of a contract were deemed to excuse further performance of the contract's forum selection clause, forum selec-

tion clauses could essentially be rendered meaningless in actions for breach of contract."). The Court finds that the six-month statute of limitation provision in the Employment Agreement is enforceable.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED. Accordingly, all other pending Motions are DENIED AS MOOT.

## ORDER DENYING PLAINTIFF'S MO-TION FOR RECONSIDERATION

Before the Court is Plaintiff Joe M. Ray's Motion for Reconsideration (Docket Entry ("D.E.") 97), filed September 15, 2009. On October 28, 2009, Defendant FedEx Corporation Services, Inc. filed its response in opposition to Plaintiff's motion (D.E. 100). For the following reasons, Plaintiff's motion is DENIED.

## I. Background

Plaintiff filed the instant motion following the Court's August 31, 2009 Order Granting Defendant's Motion for Summary Judgment. In that Order, the Court found that Plaintiff's Age Discrimination in Employment Act ("ADEA") claim against Defendant was time-barred pursuant to the six-month limitations provision in Plaintiff's Employment Agreement. (*See* Order Granting Def.'s Mot. for Summ. J. (D.E. 93).) Specifically, the Court found that the six-month contractual limitation provision in the Employment Agreement was enforceable. (*Id.*) Because Plaintiff did not bring his cause of action until approximately nineteen (19) months after Defen-

dant's termination, Plaintiff's claim was time-barred. (*Id.*) Following the entry of its Order, the Court entered a Judgment on August 31, 2009. (D.E. 94.) Plaintiff now moves the Court to alter or amend its Order and Judgment pursuant to Federal Rule of Civil Procedure 59(e).[1]

## II. Standard of Review

A motion to alter or amend may be made for one of three reasons: (1) an intervening change of controlling law; (2) availability of evidence not previously available; or (3) necessity to correct a clear error of law or prevent manifest injustice. *Am. Copper & Brass, Inc. v. Halcor S.A.*, 494 F.Supp.2d 873, 874 (W.D.Tenn.2007). Importantly, a motion to alter or amend the judgment "is not intended ... to be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted before." *Helton v. ACS Group*, 964 F.Supp. 1175, 1182 (E.D.Tenn.1997) (*quoting Keweenaw Bay Indian Comm. v. Michigan*, 152 F.R.D. 562, 563 (W.D.Mich. 1992), *aff'd*, 11 F.3d 1341 (6th Cir.1993)).

## III. Analysis

Plaintiff does not argue that the law has changed, nor that the Court should amend its decision in order to "correct perceived errors of fact or to prevent manifest injustice." Instead, Plaintiff claims that "newly discovered facts" have become available that show that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") within the six-month limitations period, thus warranting reversal of this Court's August 31, 2009 Order.[2]

---

1. The Plaintiff has styled his motion as a "Motion for Reconsideration." The Court considers a motion for reconsideration as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *See Smith v. Hudson*, 600 F.2d 60, 62–63 (6th Cir.1979). Accordingly, the terms "motion for reconsideration" and "motion to alter or

amend the judgment" will be used synonymously.

2. In essence, Plaintiff argues that if the Court had considered the EEOC Documentation during the pendency of Defendant's Motion for Summary Judgment, the Court would not have found Plaintiff's claim time-barred. On

(Pl.'s Mot. for Recons. (D.E. 97) 1.) In support of his contention, Plaintiff submits (1) a copy of Plaintiff's EEOC Charge of Discrimination dated June 29, 2006 (D.E. 97-2 Ex. A), and (2) a copy of a letter sent by Timothy Williams, an investigator with the EEOC's Memphis District Office, to Plaintiff acknowledging receipt of the Charge of Discrimination (D.E. 97-3 Ex. B).[3]

The Sixth Circuit has held that "[t]o constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Montgomery v. Bagley*, 581 F.3d 440, 451 (6th Cir.2009) (*quoting GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999)). The moving party must show that the "evidence could not have been discovered previously with due diligence." *Id.* (*citing* 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2808 (2d ed. 1998) ("The moving party must have been excusably ignorant of the facts despite using due diligence to learn about them.")).

Upon review of the applicable law and the record in this case, the Court finds that the EEOC Documentation does not qualify as "newly discovered evidence" for purposes of Rule 59(e). Plaintiff cannot reasonably contend that he was unaware of the existence of the June 29, 2006 EEOC Charge. Thus, reconsideration of the Court's Order Granting Summary Judgment is appropriate only if Plaintiff can demonstrate that the EEOC Documentation could not be found despite a diligent effort to discover it. Plaintiff asserts in his affidavit that he made "numerous attempts to locate the June 2006 EEOC documentation prior to and during this

lawsuit, but was unable to locate the documents." (Aff. of Joe M. Ray (D.E. 97-2) ¶ 6.) Plaintiff's explanation for failing to timely discover the evidence is that the EEOC Documentation "had fallen behind other documentation." (*Id.* ¶ 8.)

Plaintiff's proffered explanation, however, does not constitute excusable ignorance. *See Lewis v. Kepple*, 185 F.Supp. 884, 888 (W.D.Pa.1960) (holding that the mere fact that plaintiff did not discover a letter in its files in time for trial was not sufficient to grant a new trial on grounds of newly discovered evidence). Plaintiff admits in his affidavit that the EEOC Documentation was in his possession at all times during the pendency of Defendant's Motion for Summary Judgment. Accordingly, the EEOC Documentation is, at best, newly *submitted* evidence, not newly *discovered* evidence. Plaintiff is attempting to use his Rule 59(e) motion to submit evidence which, in the exercise of reasonable diligence, he could, and should, have submitted before the Court granted summary judgment. *See Helton*, 964 F.Supp. at 1182 ("Rule 59(e) is not intended to ... be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted before."). Plaintiff's Motion for Reconsideration is therefore DENIED.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED. SO ORDERED this 5th day of November, 2009.

---

this point, the Court is not convinced. It does not appear that the filing of a charge with the EEOC constitutes "legal action" as that term appears in the "Employment Agreement" in this case.

**3.** The EEOC Charge of Discrimination and the letter sent by Timothy Williams will hereinafter be collectively referred to as "the EEOC Documentation."