D. M. WATT, *Appellee*, v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant*.

No. 18,178.

SYLLABUS BY THE COURT.

1. INTERSTATE SHIPPING CONTRACT — *Governed by Interstate Commerce Law.* A contract for the shipment of horses from a point in this state to a point in another state is governed by the provisions of the acts of congress relating to interstate commerce.

2. —— *Limiting Time in which Action may be Brought—Valid.* Following controlling decisions of the federal supreme court, it is held that there is nothing in the policy of the acts referred to prohibiting an agreement by the parties upon the time within which to bring an action to recover damages for injuries to the property transported. In the circumstances shown in this case a period of ninety days is not unreasonably short.

Appeal from Bourbon district court; JOHN C. CANNON, judge. Opinion filed October 11, 1913. Reversed.

*John Madden, W. W. Brown,* both of Parsons, and *John H. Crider,* of Fort Scott, for the appellant.

*John H. Crain,* of Fort Scott, for the appellee.

The opinion of the court was delivered by

BENSON, J.: In a former appeal in this case a judgment for the plaintiff was reversed because of an erroneous ruling that the shipment of horses in question

was not made under a written contract. The evidence upon the question whether it was so made being conflicting a question of fact was presented for the jury. (*Watt v. Railway Co.*, 82 Kan. 458, 108 Pac. 811.)

At the second trial it was admitted that the shipment was made under a written contract pleaded in the answer. The controlling question upon this appeal is whether a recovery can be sustained under this contract.

The plaintiff shipped a carload of horses from Fort Scott, Kan., to Fort Worth, Tex., September 14, 1906. The horses were delivered at the destination on September 17, in an injured condition, which the jury found was caused by unnecessary delay in transportation. Damages were allowed accordingly.

The contract provided as a condition precedent to the right to recover damages that the plaintiff should give notice in writing to the conductor or the nearest station agent, of the losses or injuries claimed, before the stock was removed or mingled with other stock, and file his claim for damages with some freight or station agent within thirty days. It also provided that no suit should be brought for such damages after the lapse of ninety days from the happening of the injuries.

The principal grounds urged for reversal of the judgment are the failure to commence the action within the ninety-day period, and the lack of the prescribed notices.

The action was commenced on February 27, 1907. If the limitation clause in the contract is valid, the recovery can not be sustained and the question of notice need not be considered.

The shipment being an interstate transaction, the laws of congress govern. The precise question appears to be whether the limitation is binding when tested by the twentieth section of the act to regulate commerce. (24 U. S. Stat. at Large, ch. 104, as amended by the act of June 29, 1906, 34 U. S. Stat. at Large, ch. 3591,

p. 584; U. S. Comp. Stat. 1901, Supp. 1911, p. 1304; *Mo., Kans. & Tex. Ry. v. Harriman,* 227 U. S. 657, 33 Sup. Ct. Rep. 397.)

In the case cited cattle were shipped under a written contract from a point in one state to a point in another state, and recovery was sought for cattle killed by a negligent derailment. A clause of the contract limiting the time in which an action should be commenced for such losses to ninety days was held valid, as well as a limitation of liability to a valuation also stipulated in the contract. With reference to the latter question the court said:

"The ground upon which the shipper is limited to the valuation declared is that of estoppel, and presupposes the valuation to be one made for the purpose of applying the lower of two rates based upon the value of the cattle. This whole matter has been so fully considered in *Adams Express Company v. Croninger,* 226 U. S. 491, 33 Sup. Ct. Rep. 148, and *Kansas City Southern Ry. v. Carl,* 227 U. S. 639, 33 Sup. Ct. Rep. 391, that we only need to refer to the opinions in those cases, without further elaboration." (p. 668.)

Passing to the question of the period of limitation prescribed for bringing the action, the court said:

"The policy of statutes of limitation is to encourage promptness in the bringing of actions, that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents, or failure of memory. But there is nothing in the policy or object of such statutes which forbids the parties to an agreement to provide a shorter period, provided the time is not unreasonably short. That is a question of law for the determination of the court." (p. 672.)

After citing other decisions of that court it was held that the ninety-day limitation was reasonable. But it is argued in this case that the company relied upon other defenses and that this question was not presented in the district court. The answer pleaded the limitation clause, and averred that the action was not commenced within the period named. The evidence proved

the averment, and the defendant asked for an instruction to return a verdict in its favor. It is true that instructions were also asked to direct a verdict because of the want of notice and upon other grounds, but these requests can not be construed to waive the defense based upon the limitation clause, definitely pleaded and proved.

It is argued that, notwithstanding the admission made at the trial, the evidence shows that the shipment was not made under the contract. Having, however, made the admission when the defendant offered proof that it was so made, the plaintiff is now precluded from asserting to the contrary. Besides, the evidence was ample to prove the fact so admitted.

It is further argued that the ninety-day limitation is unreasonable as applied to the facts in this case. On October 2 the plaintiff presented a claim in writing to the local agent, which was referred to the defendant's general freight agent at St. Louis, and some correspondence followed concerning it, but it does not appear that the company waived any provision of the contract, and the correspondence was closed forty days before the expiration of the ninety-day period, leaving ample time to commence the action.

It must be held that reasonable time was given in which to bring the action, and following the Harriman case and other federal decisions cited in that opinion, it is also held that the stipulation is valid.

The judgment is reversed with directions to enter judgment for the defendant.