No. 21,736.

EDWIN ERICKSON, *Appellee,* v. THE ORDER OF UNITED COM-
MERCIAL TRAVELERS OF AMERICA, *Appellant.*

SYLLABUS BY THE COURT.

1. ACCIDENT INSURANCE—*Notice of Injury—Waived by Insurer.* A pro-
vision in an accident insurance policy that notice of an injury must
be given to the insurer within ten days after it occurs, may be waived
by the retention of the proofs furnished by the insured and the act
of the insurer in requiring the insured to obtain and furnish additional
proofs or to do some act or incur some expense inconsistent with a
forfeiture, and it is held under the testimony herein that the insurer
waived the requirement as to the time of giving notice of injury.

2. SAME—*"Immediate" and "Continuous Disability" Interpreted.* The
rule of *Commercial Travelers v. Barnes,* 72 Kan. 293, 80 Pac. 1020,
followed, as to the meaning of the contract provision relating to the
immediate and continuous total disability of a claimant.

3. SAME — *Limitation of Action to Six Months — Repugnant to Statute.*
A provision in an agreement that actions on insurance policies can
only be brought within six months after the claim has been disallowed
is repugnant to the provisions of section 17 of the civil code, and there-
fore void.

Appeal from Wyandotte district court, division No. 2; FRANK
D. HUTCHINGS, judge. Opinion filed December 7, 1918. Af-
firmed.

*Charles M. Howell, Joseph S. Brooks,* both of Kansas City,
Mo., and *John A. Millener,* of Columbus, Ohio, for the appel-
lant.

*David F. Carson,* of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an action to recover on an acci-
dent insurance contract, in which the plaintiff prevailed.

The policy was issued by the defendant on May 16, 1907, and
was continued in force by the payments of dues and assess-
ments until September 13, 1913, when the plaintiff was injured
while pitching in a game of baseball. While the injury re-
sulted in some pain at the time, it largely passed away and gave
him little trouble until the last days of February following,
when the pain became more severe, and upon an examination

by a physician he learned for the first time that it was the result of the injury in the preceding September, and about that time he became totally disabled for work. Notice of the injury was not given to the defendant until March 12, 1914, and the constitution under which the policy was issued provided that written notice of an accident should be given to the supreme secretary within ten days after it occurred. It is conceded that notice was not given within that period, but it is contended that the requirement was waived by the defendant, or at least it is not in a position to rely on the failure as a defense. An insurance company may waive such limitation or estop itself to make the defense that timely notice of the accident was not given. There is a provision in the policy to the effect that no officer or agent of the company is permitted to waive a constitutional provision, but this condition, like the one fixing the time of notice, may also be waived. The question then is: Did the defendant waive the condition, or is it estopped to make the defense that notice was not duly given? It appears that after the belated notice was given, the defendant forwarded claim blanks to be filled out and returned by the plaintiff. This was not promptly done, and the defendant in a letter advised plaintiff that blanks had been sent, but no proofs had been received, asking him to forward them promptly, adding that "If your injury did not prove as serious as you anticipated, and you do not intend to file a claim, please advise us." Plaintiff responded that his doctor had not yet returned the claim blanks to him, but that he would get them the proofs in a day or two. The proofs requested were furnished, and there is testimony to the effect that they were never returned to the plaintiff. The attorney of the defendant negotiated with the plaintiff, and after the proofs had been finished, the supreme surgeon visited him, and upon an examination of his claims at that time requested the plaintiff to furnish other and additional proofs, upon the receipt of which he would take the matter up with the other officers of the order at Columbus. This proof plaintiff procured and furnished according to request, at considerable trouble and expense to himself. Something had been said by plaintiff about bringing an action to recover the insurance, and the supreme surgeon requested the plaintiff not to do so until the additional proofs had been sent in and passed

Erickson v. Commercial Travelers.

upon by the supreme officers, and according to the testimony action was taken upon this proof by the officers and the claim was rejected. The supreme surgeon's duties are to conduct correspondence and to investigate claims against the order, and to pass upon indemnity and death claims filed against the company. This officer undoubtedly had authority to waive the requirements as to notice, and in requesting the additional proofs and putting the plaintiff to the trouble and expense of procuring and sending such proofs, together with other circumstances that have been stated, effectually waived the condition as to notice. (*Insurance Co. v. Davis,* 59 Kan. 521, 53 Pac. 856; *Wildey v. Sheppard,* 61 Kan. 351, 59 Pac. 651; 1 C. J. 478.) Some of the testimony given by plaintiff respecting waiver was contradicted by that of the supreme surgeon, but the disputes in the case have been settled by the verdict of the jury. Although challenged, there is evidence to support the claim that the plaintiff's disability was the result of the accident, and also that it was immediate and continuous within the meaning of the contract. The result of the accident did not develop at once, and the testimony is that injuries of the sacroiliac joint, as this was, do not manifest themselves sometimes so as to permanently disable an injured person for six months or a year after the injury is sustained. It may be inferred from the testimony that the disability was reached within the time that the processes of nature take to effect such a development. So far as the provision relating to the immediate and continuous character of the disability is concerned, it has been held that the term "immediate," as used in contracts of this character, does not mean "instantly" or "at once," and that:

"A disability is immediate, within the meaning of such contracts, when it follows directly from an accidental hurt, within such time as the processes of nature consume in bringing the person affected to a state of total incapacity to prosecute every kind of business pertaining to his occupation." (*Commercial Travelers v. Barnes,* 72 Kan. 293, 80 Pac. 1020.)

(See, also, *Continental Casualty Co. v. Matthis,* 150 Ky. 477; *Hohn v. Inter-State Casualty Co.,* 115 Mich. 79.)

Within the rule of the Barnes case the plaintiff is entitled to recover, although considerable time elapsed between the injury and the time it developed into total disability, and it ap-

pears from the testimony that he recovered for no greater time than the disability existed.

Attention is called to the provision in the constitution of the defendant, that all actions against the company must be brought within six months after the disallowance of a claim against the defendant. This action was not brought within that period. It was brought, however, within the time specified in the civil code for the bringing of actions of this kind, and the legislature has provided that:

"Any agreement for a different time for the commencement of actions from the times in this act provided shall be null and void as to such agreement." (Gen. Stat. 1915, § 6907.)

Some objections are made to the instructions, but we find nothing substantial in them, and no sufficient reasons appear for reversing the judgment.

It is affirmed.