No. 22,696.

THE KANSAS FREE FAIR ASSOCIATION, *Appellee,* v. THE
GEORGIA CASUALTY COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. CASUALTY INSURANCE—*When Liability of the Casualty Company to
the Insured Matures.*   A condition of a casualty insurance policy was
to the effect that the casualty company should not be liable for any
loss under the policy until after a final judgment had been rendered in
a suit against the insured for damages and the loss so adjudged had
been paid in money.   *Held,* that the provision is valid and that there
must be substantial compliance with it to mature a liability of the
casualty company to the insured.

2. SAME—*Final Judgment Against the Insured Paid—Liability of Cas-
ualty Company.*   The insured gave its promissory notes to the judg-
ment creditors, who thereupon accepted the same as payment and en-
tered satisfaction of the judgments, but whether this constituted a
substantial compliance with the provision as to payment is not deter-
mined, as the promissory notes which were afterwards reduced to
judgments against the insured were actually paid in money by the in-
sured, and it is held that such payments accomplished the purposes of
the contract provision and amounted to a substantial compliance with
the insurance contract.

3. SAME—*Limitation of Action—Stipulation in Insurance Contract In-
valid.*   A stipulation in an insurance contract that an action thereon
can only be brought within ninety days after the date of a judgment
for the loss, is repugnant to the provisions of section 17 of the code
and is therefore invalid.

Appeal from Shawnee district court, division No. 2; GEORGE
H. WHITCOMB, judge.   Opinion filed June 5, 1920.   Affirmed.

*Edwin D. McKeever,* of Topeka, for the appellant.

*W. E. Atchison,* of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   The Kansas Free Fair Association brought this action against the Georgia Casualty Company upon a policy of insurance issued by the latter, indemnifying the plaintiff against loss or damage that might occur as the result of automobile races at a fair held by plaintiff.  Judgment in favor of the plaintiff was rendered, and from it defendant appeals.

During the races held by the plaintiff on September 17, 1917, an automobile left the track, went through a fence, which struck and injured a boy named Alfred Scott.  For this injury an action was brought by Scott against the fair association, and he recovered a judgment for $2,000 against the association, which upon review was affirmed in this court.  Later the father of the injured boy recovered a judgment against the fair association for $987 expended by him in providing medical attention and treatment for his injured son.  The casualty company elected to and did defend against these claims for the fair association.  Shortly afterwards the fair association demanded that the casualty company pay and satisfy the judgments obtained by the Scotts, but the demand was refused, mainly on the ground that under the policy there was no liability against the casualty company for the loss until the judgment had been paid and satisfied by the assured.  The fair association being without funds, it gave its promissory notes to the judgment creditors, and thereupon satisfaction of the judgment was entered.  The notes were not paid, and suits were subsequently brought by the Scotts upon these notes against the fair association, and judgments in their favor were rendered, and subsequently these judgments were paid and satisfied.  Before the rendition of the judgments on the notes and the entry of satisfaction of the judgments, the present action was brought by the fair association against the casualty company upon the theory that the giving of the notes and the satisfaction of the judgments rendered thereon matured a liability against that company.  The casualty company still contended that it was not liable for the loss until the final judg-

ments for the damages against the assured had been paid in money. After this action was brought and after the judgments based upon the notes had been paid and satisfied by the fair association, the plaintiff upon leave amended its petition setting forth the payment in money of the judgments rendered upon the notes that had been given in satisfaction of the judgments for damages against the fair association. Upon the testimony the trial court held that the plaintiff was entitled to recover the indemnity provided for in the policy of insurance.

It is contended by the defendant that under the facts about which there is no substantial dispute, it is not liable upon its contract of insurance. The contract provided in substance that the casualty company should not be liable upon the policy until after a final judgment had been rendered against the assured for the loss sustained and for which payment in money had been made by the assured. Contracts of this character have been before the court and it has been held that a stipulation of the kind in question is valid and that a liability against the insurance company does not arise unless the loss sustained has been paid by the assured in satisfaction of a judgment rendered against the assured for the loss. (*Carter v. Insurance Co.,* 76 Kan. 275, 91 Pac. 178.) In a later case and under a similar provision it was ruled that:

"Payment in money by a policyholder of his loss or expense, after trial of the issue, is a condition precedent to action on his policy." (*Emerson v. Indemnity Association,* 105 Kan. 242, syl. ¶ 2, 182 Pac. 647.)

It is contended by the defendant that the execution of the promissory notes by the plaintiff, and the acceptance of the same by the judgment creditors, was not a payment within the meaning of the contract. On the other hand, plaintiffs insist that payment in cash is not essential to a right of recovery, but that payment in property or in notes accepted in lieu of money is substantial compliance with the stipulation of the contract and is sufficient to enable the assured to recover against the insurer if payment is made in good faith and the judgment debt is actually extinguished. The following authorities are cited in support of its contention: *Herbo-Phosa Co. v. Phila. Casualty Co.,* 34 R. I. 567; *Kennedy v. Fidelity & Casualty Co.,* 100 Minn. 1; *Stenbom v. Brown-Corliss Engine Co.,*

137 Wis. 564; *Seattle & S. F. R. & Nav. Co. v. Maryland Cas. Co.*, 50 Wash. 44; *Rodgers v. Pacific Coast Casualty Co.*, 33 Cal. App. 70; *Taxicab Motor Co. v. Pacific Coast Cas. Co.*, 73 Wash. 631; *Komula v. General Accident, F. & L. A. Corp.*, 165 Wis. 520; *McBride v. Ætna Life Ins. Co.*, 126 Ark. 528; *Gardner v. Cooper*, 9 Kan. App. 587.

As supporting the contrary view, that a judgment cannot be satisfied except by the direct payment of money, the defendant cites: *Eberlein v. Fidelity & Deposit Co.*, 164 Wis. 242; *Curtis & Gartside Co. v. Ætna Life Ins. Co.*, 58 Okla. 470; *Hebojoff v. Globe Indemnity Co.*, 35 Cal. App. 390; *Treloar v. Keil & Hannon*, 36 Cal. App. 159.

In the present case it is not necessary to determine whether the giving and acceptance of the notes can be regarded as a payment in money so as to render the defendant liable on the contract of indemnity, since it was shown under an amended and supplemental pleading that the money had actually been paid in satisfaction of the judgments rendered upon the notes. Although payment of the loss was made indirectly through the medium of notes reduced to judgments and the payment of these in money, it amounted to a substantial compliance with the contract. It was immaterial to the defendant whether payment was made in currency or through the medium of checks, drafts, notes, judgments or other kind of obligations, so long as the medium employed was actually converted into money and paid on the judgments rendered for the loss. The fact that entries of satisfaction of the judgments for the loss were made prior to the conversion of the obligations into money, and the payment of the same to judgment creditors, is not a matter of concern to the defendant, so long as the judgment debts were actually discharged by the payment of money. The purpose of the provision is the protection of the defendant against fraud in the payment of losses. Here the claims for damages were contested in actions defended by the casualty company itself, and judgments were rendered about the good faith or validity of which there is no question. The losses have been actually paid by the insured and the judgments satisfied. The payment of the losses were not theoretical, but actual, and the plaintiff now seeks to reimburse itself for losses that were fixed by final judgments, which have

been fully paid in money. The purpose of the contract provision has been accomplished by a substantial compliance with its terms.

Attention is also called to the provision requiring suits to be brought for the loss within ninety days from the date of the judgment and that a greater time had elapsed. Evidently the delay was occasioned by the litigation of which an account has been given. However, this limitation is not a bar to recovery by the plaintiff, as the code provides that—

"Any agreement for a different time for the commencement of actions from the times in this act provided shall be null and void as to such agreement." (Gen. Stat. 1915, § 6907; *Erickson v Commercial Travelers*, 103 Kan. 831, 176 Pac. 989.)

It was brought within the period prescribed by the code, and that is sufficient.

The judgment is affirmed.