William COATES, Jr., et al., Plaintiffs,

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 78–2310.**

United States District Court,
D. Kansas.

June 5, 1981.

John C. Amorosa, Kansas City, Kan., for plaintiffs.

William Terry Fitzgerald, J. Nick Badgerow, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., for defendant.

## MEMORANDUM & ORDER

SAFFELS, District Judge.

This case is before the Court on defendant's motion for summary judgment. After reviewing the briefs, we believe oral argument is not necessary.

This is an action brought by the heirs of William Coates to recover group accidental death benefits under the Federal Employees Group Life Insurance Program issued by the Metropolitan Life Insurance Company. Briefly, the facts are as follows. Metropolitan Life issued Group Policy 17000–G to the United States Civil Service Commission providing term life insurance to federal employees. William Coates, deceased, was at all times pertinent to this action an employee of the Veterans Administration and a certificate holder under the Federal Employees Group Life Insurance Program. The policy was in full force and effect in November, 1975. William Coates died on November 27, 1975, as a result of gunshot wounds inflicted by Alice Smith on November 14, 1975. Claims under the policy were due within ninety days of the accident causing the loss. Plaintiffs timely filed a claim and proof of loss in December, 1975, and defendant paid regular (non-accidental) death benefits under the policy. Plaintiffs commenced this action for recovery of acci-

dental death benefits on November 13, 1978. The parties appear to agree to these facts, and have stipulated to most of them in the Pretrial Order.

Defendant argues that it is entitled to judgment as a matter of law because plaintiffs did not file their lawsuit within the time limits provided by the policy of insurance, namely, "two years from the expiration of the time within which proof of claim is required by the Policy," and thus their action is barred. Defendant contends that the only issue to be determined is whether a policy provision limiting the time an action can be brought is valid in Kansas.

Plaintiffs, in opposition to defendant's motion, argue that K.S.A. 40–2203 and –2204, which regulate sickness and accident insurance policies issued to Kansas residents, control the matter in question. K.S.A. 40–2203(A)(11) provides for at least a five-year statute of limitations. Plaintiffs filed their action within five years of the accident causing William Coates' death.

Plaintiffs also contend that defendant is estopped from relying on the policy provision limiting to two years the time within which suit may be brought. Plaintiffs claim that they have never received a copy of the "master" group policy, and therefore did not have notice of the two-year limitation. Plaintiffs submit the following facts by way of exhibits accompanying their brief, which defendant does not controvert. Plaintiffs notified the Office of Federal Employees' Group Life Insurance of their claim for benefits for William Coates' death through accidental means on December 5, 1975, within the time limit required by the group policy. On July 19, 1976, Myron L. McRoy, attorney for plaintiff Grace Coates, requested a copy of the policy of insurance from the Office of Federal Employees' Group Life Insurance. Mr. McRoy was told that the "Master Policy" was held at the office of the policyholder, the United States Civil Service Commission, in Washington, D.C., and that it was quite voluminous and not readily available. In lieu of the policy, McRoy was furnished a "specimen copy" of

the certificate of insurance, which in general terms explained the rights and benefits of employees insured under the policy. The certificate of insurance stated that it was *not* a contract of insurance, and that it merely summarized the important provisions of the group policy. The time limitation for bringing an action on the policy was not mentioned in the summary furnished to McRoy (Exhibit B, Plaintiffs' Suggestions in Opposition to Defendant's Motion for Summary Judgment).

Because they requested a copy of the group policy prior to the expiration of the two-year time limit, and defendant did not supply it, or at least did not apprise them of that limit, plaintiffs argue that defendant is estopped from asserting the two-year limit as a bar to this action.

The parties agree that since this is an action on a contract, state law—Kansas in this instance—should be applied. Ordinarily, the statute of limitations on a written contract is five years. K.S.A. 60–511. We can find no Kansas statute on the subject of insurance which in our view prohibits the parties from fixing a contractual limitation period which is shorter than the statutory period.

■ Defendant is correct in pointing out that the Kansas Supreme Court has held that K.S.A. 40–2203 and –2204 apply only to *individual* accident and sickness policies as opposed to group policies. *See Gibson v. Metropolitan Life Ins. Co.*, 213 Kan. 764, 768, 518 P.2d 422 (1974); *Steele v. General American Life Ins. Co.*, 217 Kan. 24, 33, 535 P.2d 948 (1975). Plaintiffs do not dispute that the policy under which they seek to recover is a group policy.

K.S.A. 40–2209, however, does govern *group* accident and sickness policies. None of the parties discusses the applicability of this statute to the present case. We find that because K.S.A. 40–2209 addresses the subject of "group *sickness and accident* insurance," it is not applicable to the policy under consideration. The insurance provided William Coates was group term *life* insurance according to the certificate of coverage.

K.S.A. 40–434 prescribes certain provisions which must be contained in a policy of *group life* insurance delivered in Kansas. K.S.A. 40–434, unlike 40–2203, does not prohibit a limitation provision of less than five years and is otherwise silent on the subject of contractual limitation provisions.

Therefore, because no statute governs the rights of the parties under the facts of this case, we must turn to common law principles to determine whether a contractual provision limiting the time within which suit may be brought on the contract to a shorter period than that provided by the general statute of limitations is valid in Kansas, and, if so, whether defendant under the facts of this case is estopped from relying on such a provision.

■ The Kansas Supreme Court has held that policy provisions limiting the time within which suit may be commenced to a period shorter than that prescribed by the general statute of limitations are valid. *McElroy v. The Continental Ins. Co. of New York*, 48 Kan. 200, 29 P. 478 (1892); *The State Ins. Co. of Des Moines, Iowa v. Stoffels*, 48 Kan. 205, 29 P. 479 (1892); *The German Fire Ins. Co. v. Bullene, Moore, Emery & Co.*, 51 Kan. 764, 33 P. 467 (1893); *Mead v. The Phoenix Ins. Co.*, 68 Kan. 432, 75 P. 475 (1904).

In 1897, the legislature, as part of the general limitation statutes, made such contractual limitations invalid. Chapter 91, Kan.Sess.Laws, provided:

"Any agreement for a different time for the commencement of actions from the times in this act provided shall be null and void as to such agreement."

Cases after that enactment held policy provisions with times different than those specified by statute invalid. *Erickson v. The Order of United Commercial Travelers of America*, 103 Kan. 831, 176 P. 989 (1918); *The Kansas Free Fair Association v. The Georgia Casualty Co.*, 107 Kan. 109, 190 P. 592 (1920); *Hornick v. The First Catholic Slovak Union*, 115 Kan. 597, 224 P. 486 (1924).

■ The above-cited section of the general limitation statutes was subsequently repealed, and we can find no Kansas case since repeal which has addressed the issue of whether a contractual limitation provision shorter than that provided by the general limitation statute is valid. The general rule is that in the absence of a statutory restriction such a contractual provision is valid. *See* 46 C.J.S. Insurance § 1618; 44 Am.Jur.2d Insurance § 1906; 20A Appleman, Insurance Law and Practice § 11601. Because of the early Kansas cases holding such provisions valid and because of the general rule throughout the country, we believe the Kansas Supreme Court would hold that contractual provisions limiting the time to sue are valid. That Court has previously said: "[I]nsurance is a matter of contract and the parties have the right to employ whatever terms they wish, and courts will not rewrite them, so long as those terms do not conflict with pertinent statutes or public policy." *Gibson v. Metropolitan Life Ins. Co.*, 213 Kan. at 770, 518 P.2d 422.

Assuming such a provision is valid in Kansas today, under the facts of this case we find that defendant is estopped from relying on the two-year limitation provision in Group Policy 17000–G as a defense to this action.

■ An insurer may by its acts and conduct be estopped from asserting a limitation provision as a defense to an action on the policy. The particular facts of each case will determine whether or not the equitable doctrine of estoppel should be applied, the decision resting within the court's discretion. *Aimonetto v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 365 F.2d 599, 600 (10th Cir. 1966).

Normally, the issue of estoppel in the context of failure to bring suit within the time provided by the policy arises where there have been negotiations toward settlement and the insurer has induced the insured to suspend or delay proceedings by lulling the insured into the reasonable belief that his claim would be settled. Occasionally, the question comes up where a group policy is issued containing a clause limiting the time for commencement of suit, but the certificate or memorandum of insurance provided to the individual insured does not contain the limitation provision. In the latter situation, courts have declined to find an equitable duty on the part of insurance companies to come forward and specifically inform the insured of the existence of the limitation provision in the master policy when the insured is represented by a lawyer. *Peters v. St. Paul Fire & Marine Ins. Co.*, 213 F.Supp. 441 (S.D.N.Y.1963); *Advanced Methods, Inc. v. Grain Dealers Mutual Ins. Co.*, 274 F.2d 634 (7th Cir. 1960).

The Seventh Circuit Court of Appeals emphasized that the insurance company need not *take the initiative* in informing the insured of the existence of the limitation provision. This holding seems to leave open the situation we are faced with, namely, where the insured's beneficiaries, through their lawyer, took the initiative by asking for a copy of the master policy. Although not refusing the request for a copy of the policy, defendant did not furnish it, furnishing instead the copy of the certificate of insurance. The certificate did not contain the two-year time limitation on commencement of suit; however, it did state that it was not the complete contract of insurance.

■ Thus, even if we were to adopt the holding of *Peters* and *Advanced Methods, supra*, it would not preclude a finding that defendant had a duty to furnish plaintiffs a copy of the master policy *once their attorney had requested it*, or at least to inform them of the limitation period contained in the policy. It appears to us that the simplest and most reasonable solution to future problems of this kind would be for an insurance company to include any limitation provision in the certificate provided to individual insureds under a group policy along with the notice and proof of loss requirements. Irrespective of what defendant chooses to do in future cases, we find that under the facts presented to us plaintiffs, even though represented by counsel, were justified in assuming the ordinary five-year

statute of limitations on written contracts applied to an action on the policy, when they were not informed otherwise by defendant after they had requested a copy of the policy.

Accordingly, we find that under the circumstances of this case defendant owed a duty to plaintiffs to inform them, either specifically or by copy of the master policy, of the two-year limitation on the commencement-of-suit clause. We find that defendant failed to so inform plaintiffs. Therefore, defendant is estopped from asserting the two-year contract limitation as a defense to this action.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for summary judgment be, and it hereby is, overruled.