Cynthia PFEIFER, Plaintiff–Appellant,

v.

FEDERAL EXPRESS CORPORATION, Defendant–Appellee.

No. 11–3064.

United States Court of Appeals, Tenth Circuit.

Nov. 28, 2011.

George Barton, Robert G. Harken, Law Offices of George A. Barton, P.C., Kansas City, MO, for Plaintiff–Appellant.

Richard Allen Olmstead, Ashley J. Shaneyfelt, Kutak Rock LLP, Wichita, KS, Terrence O'Neal Reed, Federal Express Corp., Memphis Legal Dept., Memphis, TN, for Defendant–Appellee.

Before BRISCOE, Chief Judge, BALDOCK, and LUCERO, Circuit Judges.

## ORDER CERTIFYING STATE LAW QUESTION TO THE SUPREME COURT OF KANSAS

BOBBY R. BALDOCK, Circuit Judge.

The United States Court of Appeals for the Tenth Circuit, pursuant to 10th Cir. R. 27.1 and the provisions of Kan. Stat. Ann. §§ 60–3201 through 3201–12, requests that the Kansas Supreme Court exercise its discretion and accept the following important certified questions of Kansas law:

Does Kansas law, specifically Kan. Stat. Ann. § 60–501 and/or public policy, pro-

hibit private parties from contractually shortening the generally applicable statute of limitations for an action?

If no such prohibition exists, is the six-month limitations period agreed to by the private parties in this action unreasonable?

The certified questions are likely dispositive in a proceeding before the Tenth Circuit and no Kansas case law appears to control the answer to the certified questions. The background relevant to a determination of the certified questions is set forth below.

## I.

Plaintiff Cynthia Pfeifer filed this diversity action against Defendant Federal Express Corporation in the District of Kansas. Plaintiff alleged that Defendant retaliated against her for receiving workers' compensation benefits by terminating her employment. Plaintiff's employment agreement contained a provision requiring all claims against Defendant to be brought within "the time prescribed by law or 6 months from the date of the event forming the basis of [Plaintiff's] lawsuit, whichever expires first." Defendant terminated Plaintiff's employment on May 2, 2008. Plaintiff filed this suit 15 months later, within the applicable statutory statute of limitations of 24 months, but outside her employment agreement's six month limitation.

Prior to 1897, the Kansas Supreme Court routinely held that a contract could shorten the general statute of limitations for an action. *McElroy v. The Cont'l Ins. Co.*, 48 Kan. 200, 29 P. 478, 478–79 (1892). The Kansas legislature then enacted a statute which made such provisions null and void. *Erickson v. Order of United Commercial Travelers of Am.*, 103 Kan. 831, 176 P. 989 (1918). In 1963, the Kansas legislature revised the Kansas Code of Civil Procedure. See Spencer A. Gard, *Highlights of the Kansas Code of Civil*

*Procedure*, 2 Washburn L.J. 199, 201 (1963). In doing so, the Kansas legislature repealed the statute expressly prohibiting contractual limitations periods, but also enacted Kan. Stat. Ann. § 60–501, titled "Limitation of Actions," which states: "The provisions of this article govern the limitation of time for commencing civil actions, except where a different limitation is specifically provided by statute."

Since 1963, no Kansas court to our knowledge has addressed whether contractual limitations periods are enforceable under Kansas law. The United States District Court for the District of Kansas has held that contractual limitations periods are enforceable under Kansas law. *Coates v. Metro. Life Ins. Co.*, 515 F.Supp. 647, 650 (D.Kan.1981). In reaching this conclusion, the United States District Court for the District of Kansas relied on pre–1897 Kansas cases holding such provisions valid, but did not consider the impact, if any, of Kan. Stat. Ann. § 60–501.

The district court in this case granted Defendant's motion for summary judgment and denied Plaintiff's motion for partial summary judgment. The court held contractual provisions that shorten a statute of limitations do not violate Kansas public policy. On appeal, Plaintiff contends the district court erred in finding the provision enforceable. Plaintiff bases her argument on Kan. Stat. Ann. § 60–501. Plaintiff believes the contract between Plaintiff and Defendant cannot be considered a *statute* providing for a different limitation, and she cites to *Gifford v. Saunders*, 207 Kan. 360, 485 P.2d 195 (1971), in support of her position. Therefore, she argues the governing statute of limitations must be two years. In addition, Plaintiff asserts decisions of the Kansas Supreme Court indicate the Kansas Supreme Court would disregard *Coates* and would hold the employment agreement's statute of limitations unenforceable.

See *Coleman v. Safeway Stores, Inc.*, 242 Kan. 804, 752 P.2d 645 (1988); *Hysten v. Burlington N. Santa Fe Ry. Co.*, 277 Kan. 551, 108 P.3d 437 (2004); *Flenker v. Willamette Indus., Inc.*, 266 Kan. 198, 967 P.2d 295 (1998); *Hunter v. Am. Rentals, Inc.*, 189 Kan. 615, 371 P.2d 131 (1962). Plaintiff alternatively argues that the six-month limitation period in this contract is unreasonable as a matter of law. *Jackson v. S.A.W. Ent. Ltd.*, 629 F.Supp.2d 1018, 1029 (N.D.Cal.2009) (finding six month limitation period in arbitration agreement substantively unconscionable).

Defendant, on the other hand, believes the contractual provision at issue is consistent with Kansas public policy. Defendant argues the "general rule" is that private parties may agree to a limitations period shorter than the general statute of limitations. *See Mo., Kan., & Tex. Ry. Co. v. Harriman*, 227 U.S. 657, 672, 33 S.Ct. 397, 57 L.Ed. 690 (1913). Defendant also believes the Kansas Supreme Court has long held this view. *Watt v. The Mo., Kan., & Tex. Ry. Co.*, 90 Kan. 466, 135 P. 600 (1913). Defendant cites a Kansas appellate court case for the proposition that contractual provisions such as this are valid and enforceable in Kansas. *Novak v. Mut. of Omaha Ins. Co.*, 29 Kan.App.2d 526, 28 P.3d 1033, 1038 (2001). Furthermore, Defendant believes that Kan. Stat. Ann. § 60–501 is not a prohibition against contractual limitations provisions. According to Defendant, " 'controlling statute to the contrary' means a statute that explicitly proscribes a contractual limitations clause." *Badgett v. Fed. Express Corp.*, 378 F.Supp.2d 613, 623 (M.D.N.C.2005). Defendant also argues that the case law Plaintiff cites to argue that the Kansas Supreme Court would not follow *Coates* is inapposite to the present action. Finally, Defendant contends that Plaintiff overlooks that neither statutes of limitation nor contractual limitations provisions preclude or diminish the right to assert a claim.

Instead, "[a] statute of limitation affects the remedy only [and] does not impair rights and obligations." *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, 831 P.2d 958, 966 (1992).

Defendant asserts the district court correctly concluded that the limitations period of six months was reasonable in this case. Defendant states Plaintiff did not receive any information after her termination that would have affected her decision to bring this action and that she has provided no explanation for why the six month limitation is unreasonable. Defendant believes Kansas courts would hold that a six-month limitation period is reasonable because the Kansas Supreme Court has found that a contractual limitations period as short as ninety days was reasonable. *Watt*, 135 P. at 601.

## II.

The outcome of this proceeding turns upon important state law questions of public policy and statutory interpretation which we believe the Supreme Court of Kansas should have the opportunity to address in the first instance. Accordingly, we conclude certification of the above questions would further the interests of comity and federalism by giving the Supreme Court of Kansas an opportunity to answer the questions should it elect to do so under Kan. Stat. Ann. §§ 60–3201 to 3201–12. The Clerk of this Court shall transmit a copy of this certification order to counsel for all parties. The Clerk shall also forward, under the Tenth Circuit's official seal, a copy of this certification order and the briefs filed in this Court to the Supreme Court of Kansas. This appeal is ABATED pending resolution of the certified question.