No. 107,133

CYNTHIA PFEIFER, *Plaintiff*, v. FEDERAL EXPRESS CORPORATION,
*Defendant*.

(304 P.3d 1226)

Opinion filed June 7, 2013.

*George A. Barton*, of Law Offices of George A. Barton, P.C., of Kansas City, Missouri, argued the cause, and *Robert G. Harken*, of the same firm, was on the brief for plaintiff.

*Terrence O. Reed*, of Memphis, Tennessee, argued the cause, and *Richard A. Olmstead*, of Kutak Rock LLP, of Wichita, was on the brief for defendant.

The opinion of the court was delivered by

BILES, J.: The issue presented is lodged squarely between two long-standing public policy interests that are at odds in this case. One concerns the protections afforded injured workers against retaliatory discharge when exercising statutory workers compensation rights. The other is the freedom to contract. This controversy comes to us from the United States Court of Appeals for the Tenth Circuit under the Uniform Certification of Questions of Law Act, K.S.A. 60-3201 *et seq.*, which authorizes this court to answer questions from other courts when that response may be determinative of a pending case and there is no controlling Kansas precedent.

The Tenth Circuit is considering a retaliatory discharge claim brought by Cynthia Pfeifer against her former employer, Federal Express Corporation (FedEx). She filed her lawsuit 15 months after she was fired, alleging she was terminated for exercising her rights as an injured worker under the Kansas Workers Compensation Act, K.S.A. 44-501 *et seq.* Kansas law provides a 2-year statute of limitations for such claims. K.S.A. 60-513(a)(4) (action for injury to rights of another); *Burnett v. Southwestern Bell Telephone*, 283 Kan. 134, 144, 151 P.3d 837 (2007) (recognizing a 2-year limitations period for retaliatory discharge).

But FedEx argues Pfeifer's employment contract required her to file suit within 6 months of her termination. The federal district court agreed with FedEx and granted summary judgment. *Pfeifer v. Federal Exp. Corp.*, 818 F. Supp. 2d 1287 (D. Kan. 2011). Pfeifer appealed. The certified questions and our responses are:

1. Does Kansas law, specifically K.S.A. 60-501 and/or public policy, prohibit private parties from contractually shortening the generally applicable statute of limitations for an action?

   Our answer: K.S.A. 60-501 contains no express or implied prohibition against contractual agreements limiting the time in which to sue. But the public policy recognizing that injured workers should be protected from retaliation when exercising rights under the Workers Compensation Act, K.S.A. 44-501

*et seq.*, invalidates the contractual provision at issue because it impairs enforcement of that protection.

2. If no such prohibition exists, is the 6-month limitations period agreed to by the private parties in this action unreasonable?

Our answer: Because we hold the contract provision at issue is void, it is unnecessary to consider whether its 6-month term is reasonable.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts are set forth in the Tenth Circuit's certification order:

"Plaintiff Cynthia Pfeifer filed this diversity action against Defendant Federal Express Corporation in the District of Kansas. Plaintiff alleged that Defendant retaliated against her for receiving workers compensation benefits by terminating her employment. Plaintiff's employment agreement contained a provision requiring all claims against Defendant to be brought within 'the time prescribed by law or 6 months from the date of the event forming the basis of [Plaintiff's] lawsuit, whichever expires first.' Defendant terminated Plaintiff's employment on May 2, 2008. Plaintiff filed this suit 15 months later, within the applicable statutory statute of limitations of 24 months, but outside her employment agreement's six month limitation."

Notably, Pfeifer does not allege the contractual provision at issue is unconscionable, the product of unequal bargaining power, or that the agreement was an adhesion contract. We do not address what impact, if any, such allegations might play in another case of this type.

## DISCUSSION

We are asked to determine whether Kansas law prohibits private parties from contractually shortening the statute of limitations for retaliatory discharge when the employee claims she was fired for exercising her rights under the Kansas Workers Compensation Act. This question requires interpretation of the parties' contract, as well as interpretation of the statutory language in K.S.A. 60-501. Both issues are subject to unlimited review by this court. See *Shamberg, Johnson & Bergman, Chtd. v. Oliver*, 289 Kan. 891, 900, 220 P.3d 333 (2009) (interpretation and legal effect of a written contract are matters of law over which an appellate court has unlimited review); *Unruh v. Purina Mills*, 289 Kan. 1185, 1193,

221 P.3d 1130 (2009) (Statutory interpretation is a question of law over which this court has unlimited review.). We begin with the language used in Pfeifer's employment contract, assigning the words used their plain and ordinary meaning. See *First Financial Ins. Co. v. Bugg*, 265 Kan. 690, 694, 962 P.2d 515 (1998) (contract considered in the sense and meaning of the terms used).

The relevant portion of Pfeifer's contract states that "to the extent law allows an employee to bring legal action against Federal Express, I agree to bring that complaint within the time prescribed by law or 6 months from the date of the event forming the basis of my lawsuit, *whichever expires first*." (Emphasis added.) There is no dispute the plain language of this provision obligated Pfeifer to bring her lawsuit for retaliatory discharge within 6 months of her termination—the shorter period between the 2-year statute of limitations allowed by K.S.A. 60-513(a)(4) and the contract.

We are certainly not the first forum to consider disputes regarding the FedEx 6-month limitation in its employment contracts. And there is a split of authority on whether to uphold the provision. See, *e.g.*, *Boaz v. Federal Exp. Corp.*, 742 F. Supp. 2d 925, 932-33 (W.D. Tenn. 2010) (Fair Labor Standards Act can be abridged by contractual limitations; 6-month limitation reasonable); *Ray v. FedEx Corporate Services, Inc.*, 668 F. Supp. 2d 1063, 1067-68 (W.D. Tenn. 2009) (statutes of limitations are procedural, and nothing in the Older Workers Benefit Protection Act applies to preclude procedural contractual modifications to the limitations period); *Grosso v. Federal Exp. Corp.*, 467 F. Supp. 2d 449, 455-57 (E.D. Pa. 2006) ( 6-month contractual agreement unreasonable and unenforceable with regard to FMLA retaliation claims); *Badgett v. Federal Express Corp.*, 378 F. Supp. 2d 613, 622-26 (M.D. N.C. 2005) (retaliation for exercising FMLA rights claim barred under contractually shortened limitations period of 6 months); *Reynolds v. Federal Exp. Corp.*, No. 09-2692-STA-cgc, 2012 WL 1107834, at *12 (W.D. Tenn. 2012) (unpublished opinion) (agreement "smacks of oppression," but because plaintiff failed to establish it was an adhesion contract, court held it was not one and that its limitations period was reasonable); *Plitsas v. Federal Exp., Inc.*, No. 07-5439, 2010 WL 1644056, at *3-6 (D. N.J.

2010) (unpublished opinion) (Family and Medical Leave Act [FMLA] regulations prevent employers from interfering with employees' rights; contractual limitation is restraint on access to employees' rights); *Allen v. Federal Express Corp.*, No. 1:09 cv 17, 2009 WL 3234699, at *4-5 (M.D. N.C. 2009) (unpublished opinion) (6-month contractual modification to the limitations period did not violate state or federal law and was reasonable).

Pfeifer argues she should not be held to the shorter 6-month contractual period because it violates public policy. This is an issue of first impression in Kansas implicating both the statute setting the ground rules for statutes of limitations, as well as the public policy underlying our caselaw recognizing a common-law cause of action for retaliatory discharge when exercising workers compensation rights. It also rests temptingly alongside our caselaw extolling the paramount importance of the freedom to contract—a freedom not to be interfered with lightly. *Idbeis v. Wichita Surgical Specialists, P.A.*, 279 Kan. 755, 770, 112 P.3d 81 (2005). We address the statute first.

### K.S.A. 60-501

K.S.A. 60-501 states: "The provisions of this article govern the limitation of time for commencing civil actions, *except where a different limitation is specifically provided by statute.*" (Emphasis added.) The remainder of Article 5 sets various statutes of limitations for actions brought under Chapter 60. See, *e.g.*, K.S.A. 60-506 (actions for forcible entry and detention limited to 2 years from date action occurred), K.S.A. 60-511 (certain actions must be brought within 5 years), K.S.A. 60-512 (certain actions must be brought within 3 years). The parties argue different outcomes based on the language in K.S.A. 60-501, but some historical background is instructive at the outset.

In 1868, K.S.A. 60-501's predecessor was substantially similar in form to the current version of the statute. See G.S. 1868, ch. 80, sec. 15, which provided: "Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued; but where, in special cases, a different limitation is prescribed by statute, the action shall be governed by

such limitation." During the time this provision was in effect, this court regularly upheld private insurance contracts shortening the statutory time period for filing claims. See, *e.g.*, *McElroy v. Insurance Co.*, 48 Kan. 200, 205, 29 P. 478 (1892) (insurance contract provision requiring action for fire damage to be brought within a shorter period than provided by statute held valid); *Insurance Co. v. Stoffels*, 48 Kan. 205, 209, 29 P. 479 (1892) (6-month limitation in insurance policy on causes of action binding on parties and eliminates all statutes of limitations); *Insurance Co. v. Bullene*, 51 Kan. 764, 773, 33 P. 467 (1893) (insurance policy provision requiring suit to be brought within 6 months sustained). The 1868 language stayed substantially intact until 1963, when the legislature codified the Code of Civil Procedure and created K.S.A. 60-501 as it appears today.

In 1897, the legislature enacted a separate statute, which provided that "[a]ny agreement for a different time for the commencement of actions from the times in this act provided *shall be null and void as to such agreement*." (Emphasis added.) L. 1897, ch. 91, sec. 1, *7th*; G.S. 1899, ch. 80, art. 3, sec. 4262, *7th*. This court relied on the newly enacted restrictive language in L. 1897, ch. 91, sec. 1, *7th* to prohibit contracts shortening a statutory limitations period. See, *e.g.*, *Erickson v. Commercial Travelers*, 103 Kan. 831, 834, 176 P. 989 (1918) (accident insurance contract requiring suit within 6 months of baseball injury invalid when statute provided for longer period); *Fair Association v. Casualty Co.*, 107 Kan. 109, 113, 190 P. 592 (1920) (stipulation in casualty insurance contract that action could only be brought within 90 days after date of judgment for loss contrary to statute and invalid). G.S. 1899, ch. 80, art. 3, sec. 4262 eventually became G.S. 1949, K.S.A. 60-306. And in 1963, it was repealed. L. 1963, ch. 303.

FedEx argues that since G.S. 1949, K.S.A. 60-306's repeal nothing precludes contracting parties from reducing the limitations period. Pfeifer, on the other hand, argues K.S.A. 60-501 plainly and unambiguously ties any exceptions to those *"specifically provided by statute."* (Emphasis added.) K.S.A. 60-501. Pfeiffer argues that since a contract is not a statute, a contract cannot create an exception to the time limitations established by statute. She relies on

*Gifford v. Saunders*, 207 Kan. 360, 485 P.2d 195 (1971), which contains a general statement consistent with her argument, specifically: "It is readily seen that the limitation of time for commencing civil actions is exclusively governed by the provisions of Article 5, except where a different limitation is specifically provided by a statute." 207 Kan. at 362.

But *Gifford* did not address whether a contract may impact the statute of limitations period when there is no statutory prohibition against such agreements. Instead, the question centered on whether a plaintiff's marriage after a cause of action arose—and prior to plaintiff attaining the age of 21—affected the running of the statute of limitations and required plaintiff to bring suit within 1 year of marriage. The court held that the tolling provisions in K.S.A. 1970 Supp. 60-515, which provided a 1-year grace period to file suit after attaining the age of 21, controlled. And it declined to follow K.S.A. 1970 Supp. 38-101, which defined the period of minority and the effect of marriage of persons between the ages of 18 and 20 on the rights to sue or be sued, contract, or hold property. The court continued after the general statement quoted above, stating: "By no stretch of the imagination can 38-101 be considered a statute specifically providing for a different limitation." 207 Kan. at 362. *Gifford* affords us no guidance to resolve the textual argument Pfeifer advances.

The plain language of K.S.A. 60-501, however, does not preclude parties from entering into contracts shortening the statute of limitations period set out in statute. And nothing implicitly supplies that prohibition. The statute simply recognizes that instead of the more general limitations periods in Article 5, there are other statutes that create rights of action with their own statutory limitations periods that will be effective. See, *e.g.*, K.S.A. 44-1005(i) (6-month statute of limitation under the Kansas Acts Against Discrimination); K.S.A. 59-2239 (4-month statute of limitation in probate code); K.S.A. 40-2203(A)(7) (90-day limitations period to provide proof of loss to insurer). In addition, our caselaw following the enactment of the similar 1868 statute, as well as the legislature's 1963 repeal of the 1897 statute expressly prohibiting contractual

provisions restricting the statutes of limitations set out in law, persuasively favor FedEx's position as to this point.

As noted above, K.S.A. 60-501 as originally enacted in G.S. 1868, ch. 80, sec. 15 provided that causes of action could only be commenced within the periods prescribed except "where, in special cases, a different limitation *is prescribed by statute*, the action shall be governed by such limitation." (Emphasis added.) This statutory language was not read to prohibit contracts shortening a statute of limitations, and our court consistently held that contracting parties to insurance agreements could agree to shorten a limitations period, going so far as to declare that such a contract "eliminates all statutes of limitation." *Stoffels*, 48 Kan. at 208. This, of course, changed with the 1897 statute expressly prohibiting such contract provisions. See *Coates v. Metropolitan Life Ins. Co.*, 515 F. Supp. 647, 650 (D. Kan. 1981) (citing cases upholding insurance policy provisions limiting the time to sue in part because of early Kansas caselaw declaring them valid).

We see no support for Pfeifer's argument that K.S.A. 60-501 may be read to prohibit the contract provision at issue. We turn next to her public policy claim in which a different set of considerations arise.

## Public Policy Underlying Retaliatory Discharge Claims

Kansas adheres to the employment-at-will doctrine, which holds that employees and employers may terminate an employment relationship at any time and for any reason unless there is an implied contract governing the employment's duration. *Campbell v. Husky Hogs*, 292 Kan. 225, 227, 255 P.3d 1 (2011). But there are exceptions. Some are statutory, such as when adverse job actions are based on race, gender, or disability. See K.S.A. 44-1009 (unlawful employment practices). Others are recognized through the common law. 292 Kan. at 227.

Pfeifer focuses on our caselaw recognizing a public policy of protecting injured workers from retaliation for exercising their statutory rights under the Workers Compensation Act, K.S.A. 44-501 *et seq*. See *Hysten v. Burlington Northern Santa Fe Ry. Co.*, 277

Kan. 551, 561, 108 P.3d 437 (2004) (noting Kansas has a " 'thoroughly established' " public policy supporting injured workers' rights to pursue remedies for their on-the-job injuries and opposing retaliation against them for exercising their rights); see also *Coleman v. Safeway Stores, Inc.*, 242 Kan. 804, 816, 752 P.2d 645 (1988) (employer prohibited from terminating employee because of absence caused by work-related injury and potential workers compensation claim), *overruled in part on other grounds by Gonzalez-Centeno v. North Central Kansas Regional Juvenile Detention Facility*, 278 Kan. 427, 101 P.3d 1170 (2004); *Cox v. United Technologies*, 240 Kan. 95, 99, 727 P.2d 456 (1986) (recognizing tort of retaliatory discharge for filing a workers compensation claim but declining to apply it under specific facts of case). Indeed, protection from employer reprisal in workers compensation cases was the first common-law retaliatory discharge tort recognized in Kansas. *Murphy v. City of Topeka*, 6 Kan. App. 2d 488, 630 P.2d 186 (1981). The *Murphy* court's logic was succinctly stated:

"The Workmen's Compensation Act provides efficient remedies and protection for employees, and is designed to promote the welfare of the people in this state. It is the exclusive remedy afforded the injured employee, regardless of the nature of the employer's negligence. *To allow an employer to coerce employees in the free exercise of their rights under the act would substantially subvert the purpose of the act.*" (Emphasis added.) 6 Kan. App. 2d at 495-96.

Similar causes of action have been endorsed in other retaliatory discharge cases. See *Campbell*, 292 Kan. 225, Syl. ¶ 1 (filing wage claim under the Kansas Wage Payment Act); *Hysten*, 277 Kan. at 561 (filing claim under Federal Employers Liability Act); *Flenker v. Willamette Industries, Inc.*, 266 Kan. 198, 204, 967 P.2d 295 (1998) (whistleblowing claim based on good-faith reporting of federal Occupational Safety and Health Act violations approved); *Larson v. Ruskowitz*, 252 Kan. 963, 974-75, 850 P.2d 253 (1993) (retaliatory discharge claim when a public employee terminated for exercising First Amendment rights on an issue of public concern); *Palmer v. Brown*, 242 Kan. 893, 900, 752 P.2d 685 (1988) (whistleblowing based on good-faith reporting of coworkers' or employers' infractions pertaining to public health and safety); see also *Kistler v. Life Care Centers of America, Inc.*, 620 F. Supp. 1268 (D.

Kan. 1985) (retaliatory discharge action by employee fired after testifying against employer at unemployment compensation hearing).

The necessity for recognizing a retaliatory discharge tort in each of these circumstances has rested on a principle of deterrence against employer reprisal for an employee's exercise of a legal right. And in those instances in which an employee is exercising a statutory right created by the legislature, we have noted that such deterrence serves not only the employee's interests but also those of the state and its people. This is because statutory rights exist only because of the legislature's determination that such a right is in the public interest. See *Campbell*, 292 Kan. at 235-36; *Hysten*, 277 Kan. at 561; *Flenker*, 266 Kan. at 202, 204.

Accordingly, the question presented has dual components. It is not simply whether an employee should be able to contract with an employer for a shorter period of time to file a lawsuit. If it were, FedEx's arguments embracing freedom of contract principles would carry greater weight. But in cases such as this—involving a retaliatory discharge claim based on an employee's exercise of statutory workers compensation rights—we must consider the impact such agreements would have on the deterrent effect underlying that cause of action. And as to this, we disagree with FedEx that our retaliatory discharge caselaw is immaterial.

In its decision granting FedEx summary judgment, the federal district court found authority for upholding the contract provision in *Coates* and three other Kansas federal court decisions, which the court characterized as "the *Coates'* line of cases." *Pfeifer*, 818 F. Supp. 2d at 1291. But *Coates* was an insurance claim case and did not address any public policy concerns triggering retaliatory discharge cases based on the violation of a statutory right. *Coates*, 515 F.Supp. at 648. Two of the other decisions similarly dealt with insurance-related claims and are unpersuasive for the same reason. See *Columbian Fin. Corp. v. Businessmen's Assur. Co.*, 743 F. Supp. 772, 775 (D. Kan. 1990) (interpretation of stop loss medical insurance policy limitations provision), *rev'd on other grounds* 1992 WL 19867 (10th Cir. 1992) (unpublished opinion); *Hahner, Foreman & Harness, Inc. v. AMCA Intern. Corp.*, No. 94-1170-PFK,

1995 WL 643814, at *2 (D. Kan. 1995) (unpublished opinion) (terms of payment on construction performance bond). The fourth case was a class action for unpaid commissions that did not allege retaliatory discharge. *Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2008 WL 2949564, at *5 (D. Kan. 2008) (unpublished opinion). That case adds nothing to the analysis either.

As to public policy concerns, the *Pfeifer* federal district court simply found none. It determined this court's cases addressing retaliatory discharge "do nothing in the way of establishing a public policy against setting limits on when such claims must be brought." *Pfeifer*, 818 F. Supp. 2d at 1291. Instead, the district court looked to other jurisdictions that have upheld these contractual limitation provisions in the context of employment discrimination. It also looked to laws in other states setting similarly short statute of limitations periods. This led the court to detect what it described as "a strong preference for quick resolution of claims that an employer acted wrongly." 818 F. Supp. 2d at 1292. But this is not the only view.

Missing from the federal court's analysis, although identified in a footnote, is this court's decision in *Hunter v. American Rentals*, 189 Kan. 615, 371 P.2d 131 (1962). In that case, we considered the validity of a contract between a trailer rental company and its customer after the customer was injured when a faulty hitch connecting the company's trailer caused the customer's car to overturn. The company defended based on its rental agreement that provided it would not be liable for any accident resulting from the use of its equipment and disclaimed any warranty of fitness or usage regarding the equipment. In rejecting that defense, this court held that the rental contract was void as against public policy because the company owed a duty to both its customer and the general public to provide safe hitches. We held the company could not defeat its legal duty through its contract. In so holding, we determined the contract provision would reverse the legislative purpose in passing the statute that required it to provide safe equipment. 189 Kan. at 617-18.

*Hunter* serves as persuasive authority that we must consider the impact of the contract at issue to ensure that it does not subvert

the public policy underlying the Workers Compensation Act. FedEx argues *Hunter* is inapposite because it involved a full waiver of liability rather than FedEx's 6-month limitation on the employee's time to enforce legal rights. And in support, FedEx cites *Achen v. Railway Co.*, 103 Kan. 668, 175 P. 980 (1918), and *Abell v. Railway Co.*, 100 Kan. 238, 164 P. 269 (1917), to argue that judicial voiding of contract provisions waiving negligence does not negate contract provisions specifying the time within which claims must be made. But these cases involved interstate livestock shipping contracts and do not relate to the public interest concerns involving retaliatory discharge. They are easily distinguishable.

Statutes of limitations are creatures of the legislature and themselves an expression of public policy on the rights to litigate. They find their justification in necessity and convenience and serve the practical purpose of sparing courts from litigating stale claims and people from being put to the defense of claims after memories fade and witnesses disappear. See *KPERS v. Reimer & Koger, Assocs., Inc.*, 262 Kan. 635, 676, 941 P.2d 1321 (1997) (citing *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, 831 P.2d 958 [1992]). But as creatures of the legislature, statutes of limitations also reflect legislative determinations that necessarily balance these various interests. FedEx asks the court to inject its own public policy views into this give-and-take under a freedom-to-contract rationale when our legislature has provided 2 years to bring a cause of action that protects the exercise of statutory rights under the Workers Compensation Act. We decline to do that.

There is little question that restricting an employee's time to bring a retaliatory discharge claim for a job termination suffered following that employee's exercise of a statutory right necessarily impedes the enforcement of that right and the public policy underlying it. And while Pfeifer's contract shortened her time in which to seek recovery rather than outright prohibiting it, such as in *Hunter*, FedEx effectively weakened her right to pursue a cause of action and potentially subverts the public interest in deterring employer misconduct. In that respect, it impermissibly infringes on Pfeifer's ability to enforce her statutory rights by derogating her access to the courts.

We hold that the private contract entered into between FedEx and Pfeifer violates public policy and is invalid to the extent it limits the applicable 2-year statute of limitations under K.S.A. 60-513(a)(4) for filing a retaliatory discharge claim based on her exercise of rights under the workers compensation laws. This holding is limited to the circumstances in which there is a strongly held public policy interest at issue.

Having established that the parties were precluded from shortening the 2-year retaliatory discharge statute of limitations by contract in this circumstance, we decline to address the second certified question regarding the reasonableness of the 6-month term.