FILED
United States Court of Appeals
Tenth Circuit

July 1, 2013

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CYNTHIA PFEIFER,

      Plaintiff-Appellant,

v.

      No. 11-3064

FEDERAL EXPRESS
CORPORATION,

      Defendant-Appellee.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 6:09-CV-1248-EFM-KMH)**

---

George A. Barton, Law Offices of George A. Barton, P.C., Kansas City, Missouri, for Appellant.

Terrence O. Reed, Federal Express Corporation Legal Department, Memphis, Tennessee, for Appellee.

---

Before **BRISCOE**, Chief Judge, **BALDOCK** and **LUCERO**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

---

      Plaintiff Cynthia Pfeifer filed this diversity action against Defendant Federal Express Corporation in the District of Kansas. Plaintiff alleged that Defendant retaliated against her for receiving workers' compensation benefits by terminating

her employment. Plaintiff's employment agreement contained a provision requiring all claims against Defendant to be brought within "the time prescribed by law or 6 months from the date of the event forming the basis of [Plaintiff's] lawsuit, whichever expires first." Defendant terminated Plaintiff's employment on May 2, 2008. Plaintiff filed this suit 15 months later, within the applicable statutory statute of limitations of 24 months, as set forth in Kan. Stat. Ann. § 60-513(a)(4), but outside her employment agreement's six-month limitation.

The District Court granted Defendant's motion for summary judgment, concluding the contractual provision that shortened the statute of limitations did not violate public policy and the six-month limitations period was reasonable. Because no Kansas case law appeared to control the outcome of this case, we certified two questions to the Kansas Supreme Court on November 28, 2011. We first asked, "Does Kansas law, specifically Kan. Stat. Ann. § 60-501 and/or public policy, prohibit private parties from contractually shortening the generally applicable statute of limitations for an action?" Pfeifer v. Fed. Express Corp., 455 F. App'x. 813, 813–14 (10th Cir. 2011) (unpublished). Additionally, we inquired, "If no such prohibition exists, is the six-month limitations period agreed to by the private parties in this action unreasonable?" Id.

The Kansas Supreme Court answered the first question in the affirmative. Pfeifer v. Fed. Express Corp., --- P.3d ----, 2013 WL 2450531 (Kan. June 7, 2013). Although the court held Kan. Stat. Ann. § 60-501 did not prohibit the contractual

2

provision at issue, it held that the contract violates public policy, which recognizes that injured workers should be protected from retaliation when exercising rights under the Workers Compensation Act, Kan. Stat. Ann. § 44-501 et seq., "and is invalid to the extent it limits the applicable 2-year statute of limitations under K.S.A. 60-513(a)(4) for filing a retaliatory discharge claim based on her exercise of rights under the workers compensation laws." Id. at *9. The court said its holding "is limited to the circumstances in which there is a strongly held public policy interest at issue." Id. Because of its affirmative answer to our first question, the Kansas Supreme Court did not answer the second question.

In light of this conclusive determination of state law, the district court's grant of summary judgment cannot stand. We therefore REVERSE and REMAND.